Bigham & McCall v. Carr.

---

SAM'L E. BIGHAM & M. S. McCALL v. JNO. F. CARR.

A partial payment of purchase money after the time fixed for the completion of the sale of land had passed, and a still later application by the purchaser for indulgence, *held* to show that time was not of the essence of the contract.

The interest in the event of a suit which disqualified a witness, must be a legal, fixed, and certain benefit.

A creditor has a substantial interest in a recovery by a debtor, if he look to the proceeds of the judgment for payment ; but is not disqualified as a witness, unless he had a specific lien on the judgment when rendered.

A promise to give the witness an order for the amount of the judgment when rendered does not render him incompetent. *Aliter*. If an order had been given.

The tendency of modern decisions and legislation is, that interest goes to the credibility and not to the competency of a witness.

Statements made by an agent to the prejudice of his principal, after his agency had ceased, cannot be given in evidence.

Evidence cannot be heard to impeach the credibility of a witness, unless the foundation for this purpose is first laid by interrogating the witness as to the particulars of what he had stated about the special matter in reference to which it is sought to contradict him.

Appeal from Polk. Tried below before the Hon. J. M. Maxcey.

Samuel E. Bigham and Moses S. McCall instituted suits against the appellee, John F. Carr, severally, upon two separate promissory notes for $500 each, in defence to which Carr set up a contract entered into between him and the appellants, by the terms of which he agreed to sell them certain parcels of land therein described, and for which they agreed to pay the sum of two dollars per acre. He tendered in Court a deed and prayed judgment for the balance due on said contract. He further stated in his answer, that after the making of said contract to-wit : in the month of April, 1854, the con-

tract having been executed in February preceding, the appellants each paid him the sum of five hundred dollars, making in the aggregate $1,000, as a part payment for the land, for which he executed to each of them his promissory note for $500, they being the notes sued on. Carr also brought a separate suit on his contract against Bigham and McCall. The suits were consolidated. On the trial the appellee offered as a witness one Dewalt, to whose competency the appellants objected, and to sustain their objection introduced a witness who swore that he had heard Dewalt say that "he was making a trade with Bigham and McCall for Carr, and that if the trade was made he would get $1,000 from Carr." The objection was overruled and the witness sworn, to which appellants excepted. This witness proved the transaction substantially as set out in the answer of the appellee. Another witness, Singletary, proved that he heard Bigham in April, 1854, ask Carr for some indulgence or the purchase money to which Carr assented upon conditions.

There was judgment for appellee, and appeal.


*J. W. Lemmons,* for appellants.

*B. C. Franklin,* for appellee.


HEMPHILL, C. J. The cause has been argued in this Court as if both the parties against whom was judgment had appealed. But the appeal bond was not signed by McCall ; and the defendant, Samuel E. Bigham, must be regarded as the sole appellant.

Nor is there any authenticated statement of facts in the record. There is a paper purporting to be such statement, but it is not signed by the attornies of either party, or by the Judge. The defect was not noticed by the counsel, who have submitted arguments evincing much and careful research, ex-

cept by a single remark of counsel for appellee, that it does not appear that all the testimony given in the cause is em-braced in the record.

But as some attention had been given to the cause before the discovery of the defect in the statement, I will proceed to consider some of the more important points assigned for revision.

The first ground of error in overruling the exceptions of Bigham and McCall cannot be maintained. The contract furnishes no internal evidence that the time of its performance was an essential condition. The sale of the land, on the one hand, and the purchase on the other, are the material parts of the transaction. Some of the lands were not patented at the time of the sale ; and the partial payment (in effect) by the defendants, of a part of the purchase money, after the time fixed for the completion of the sale had passed ; and the still later application of Bigham for further indulgence, show that time was not regarded by the parties as vital, and there was no error in overruling the demurrer. (14 Tex. R. 373.)

The second assignment is the overruling the objection of Bigham and McCall to the admissibility of testimony of De-walt and permitting him to testify.

Before the witness took the stand testimony was introduced for the purpose of shewing that he had an interest in the event of the suit. From the statement of facts, it appears that but one witness offered for this purpose, who stated that he was told by Dewalt that he was making a trade with Bigham and McCall for Carr ; and that if the trade was made he would get a thousand dollars from Carr, and would pay the witness what he, Dewalt, owed him. This is the whole of the evidence of that witness, as appears from the statement of facts ; but in a bill of exceptions there is an addition, viz : that Dewalt asked witness what he had been subpœnaed for, and said that he thought it was in relation to his interest in the matter, and

that if he had got a commission it was nothing unusual in Texas. Another witness testified that he had heard Dewalt say he understood his testimony would be objected to upon the account of his interest, and that he did not see what difference it should make in the testimony of a gentleman if he did have an interest. Dewalt having been admitted as a witness, testified that he had no interest in the suit; that he expected to borrow one thousand dollars from Carr, if the trade with Bigham and McCall was made ; that Carr had requested him, as he lived near, to show any one the land, and sell it for him, &c.

The interest in the event of a suit which disqualifies a witness must be a legal, fixed, and certain benefit. (10 John. 21; 16 Johns. 89 ; 8 Howard, 249 ; 1 Cowen & Hill's notes 130 ; 2 Smith's leading cases, p. 114, ed. 1855.)  " The certainty or magnitude of the interest in fact will not produce disqualification, if it want the requisites necessary to legal certainty." (2 Smith's leading cases, p. 113.)

A creditor has a substantial interest in a recovery by a debtor, if he look to the proceeds of the judgment to be recovered for the payment of his debt ; but he is not disqualified as a witness unless he has a specific lien on the judgment when recovered. Where the plaintiff promised to give the witness an order for the amount of the judgment when recovered, held not to render him incompetent ; but it would have been otherwise had an order been given. The title of the witness to the money would then have been legal and fixed. (Ten Eyck v. Bell, 5 Wend. 57 ; 6 Cushing, 418.)

The evidence did not show a legal, fixed and vested interest in the witness to the one thousand dollars ; nor that Dewalt had any fixed commission ; but that if he had got a commission it was nothing unusual in Texas, and his opinion that he did not see what difference interest could make in the testimony of a gentleman, is not equivalent to an admission of legal interest in himself; nor is it such a legal solecism as should exclude his testimony. The tendency of modern decisions.

and of legislation, is to the same effect, viz : that interest is an objection to the credibility and not the competency of a witness.

The objection to the competency of a witness by reason of incapacity from crime or interest, has been abrogated by Statute in England, and the numerous ancient decisions on the incompetency of witnesses are there now regarded only " as curious records of the subtle distinctions and difficult questions induced by a rule of law so much at variance with the sounder policy of modern times." (2 Smith's L. Cases, 90.) There was no error in admitting the witness to give his testimony.

There is nothing in the third assignment with reference to the impressions of witness as to facts connected with the notes. The statements of the witness were competent evidence, as they were details of what he heard from the appellant Bigham.

The fourth assignment is the refusal to allow the witness Singletary to testify what he had heard Dewalt say at the time the line was run for division between the parties, with reference to the proper locality of the line.

Among other misrepresentations charged upon the witness Dewalt, as the agent of Carr, in shewing the lands and negotiating for the sale, it was averred in the pleadings of defendants that he had represented some black lands (amounting, as appears from the evidence, to fifty or sixty acres) to be within the lines of the tracts sold ; whereas, on the lines being run for a division between McCall and Bigham, the whole of the black lands, with the exception of two or three acres, were excluded.    Dewalt had testified with reference to his shewing the land to the defendants before the sale ; that Bigham examined the land before the sale ; was pleased with some black land, and asked if that land was on the tract ; witness replied that he thought it was, but was near the line.    Did not show Bigham any land that was not the land sold, and expressed doubts about the black land being on the tract.    He was not asked whether, when the line was run round for a division

some time after the sale, he had not said that the line was several hundred yards further east than he thought, and that it excluded the black good land. On the cross examination of the witness Singletary, it was proposed to prove that Dewalt, at the time of running out of the line, had made such statement. This we believe was rightly excluded on the ground, first, that Dewalt was not then acting as the agent of Carr, the agreement for the sale having been previously executed, and his statements to the prejudice of Carr made after his agency had ceased, could not be given in evidence—they being mere heresay. (1 Greenleaf Ev., Sec. 113.) And second, that the evidence could not have been received to impeach the credibility of Dewalt's, as the foundation for this purpose had not been laid by first enquiring of Dewalt the particulars of what he had said about the locality of the line at the time of running off the tract. (2 Cowen & Hill, notes, p. 760.)

None of the grounds assumed by the defendants can be maintained in law. They charge various misrepresentations, none of which they attempt to prove, except with reference to the fifty or sixty acres of black land; which is but a fragment of the tract, amounting altogether to more than fourteen hundred acres. There was no proof that this was positively represented to be within the limits of the tract; and it is not probable that this small portion could have been the inducement to the purchase. They have attempted to exclude the testimony of Dewalt, which if effected would operate to their own and not to the defeat of Carr. He would have recovered judgment on the pleadings and other testimony in the cause; whereas the only proof which gives any color to the defence is in the testimony of Dewalt, except the isolated statement of Singletary, as to the statements of Dewalt about the line, which were properly excluded as incompetent. There is no error and judgment is affirmed.

Judgment is affirmed.