**THOMPSON v. DENHAM.**

No. 12419.

Court of Civil Appeals of Texas.
Galveston.

June 5, 1952.

Rehearing Denied July 10, 1952.

Masterson, Williams & Smith, Fred. L. Williams, Jr., Angleton, for appellant.

Helm & Jones, Albert P. Jones, Mabel G. Howell, Houston, for appellee.

GRAVES, Justice.

This appeal is from a $34,900 judgment, entered by the 23rd District Court of Brazoria County, Texas, Hon. T. M. Gupton, judge presiding, upon a jury's verdict on Special Issues, finding the appellant to have been negligent toward the appellee while the latter was working for it as a machinist at its shop in Velasco, Texas.

The appellee's suit, so resulting below, had been brought by him against the appellant under the provisions of the Federal Employers' Liability Act, Sec. 51, et seq., Title 45, of the United States Code, as amended by the Act of August 11, 1939, 45 U.S.C.A. § 51 et seq.

The appellee had, in substance, thus alleged his cause of action: "that on or about March 18, 1948, and at or about the hour of 9:30 o'clock p.m. on said date, he was working as a machinist at appellant's shop in Velasco, Brazoria County, Texas; that he was injured while he was engaged in repairing a boiler check on an engine which injury was brought about by reason of a defective spanner wrench that he was using at that time by reason of the defective spanner wrench, a ball peen hammer which he was using at that time hit him on the left shin or leg. Various acts of negligence were alleged and that such acts of negligence on the part of other employees of appellant were the proximate cause of the injuries and damages sustained by him. He further alleged that as a result of the occurrence made the basis of this suit, he sustained injury to his left leg that resulted in an amputation * * *," etc.

The trial court had submitted what it deemed to be the ultimate issues of fact arising from the pleadings and evidence, which the jury had answered in favor of the appellee, the court's having entered its stated judgment, as it recites, "from the pleadings, evidence, agreements of counsel, and the verdict of the jury."

In its appeal appellant declares upon these three Points of Error:

"One.

"The trial court erred in overruling appellant's objections to Special Issue Number 29 made on the ground that the same constituted a comment by the trial court on the weight of the evidence.

"Two.

"The trial court erred in overruling appellant's objections to Special Issue Number 29 made on the ground that the same assumes the existence of a controverted fact, to wit, that the blow to appellee's shin was received on March 18, 1948.

"Three.

"The trial court erred in excluding from evidence the written statement of V. C. Featherhoff."

None of these presentments, it is determined, should be sustained.

From its quoted Points it is noted that appellant does not challenge the findings of the jury to the effect that it was negligent, and that such negligence was a proximate cause of the injury sustained by the appellee. It must be assumed, therefore, that the trial court's judgment was correct, and reflected the law and the facts governing the controversy, unless it was subject to one or all of the three objections so presented here against it in the quoted Points of Error.

Since the first two of these assignments have to do with Special Issue No. 29, as submitted to the jury, while it is too long to be integrated into this opinion as a part thereof, a verbatim copy of it is appended hereto, as Exhibit A.

Appellant's major attack upon this issue is that it was erroneous, because it was on the weight of the evidence of the whole controversy, and, second, that it assumed the existence of a fact, i.e., that the accident to the appellee occurred on the date of March 18, 1948, instead of in July of 1948, as appellant contended the evidence showed.

In the setting and under the circumstances appearing, and notwithstanding the great length of the Issue and the tautology and redundancy in its verbiage, this Court is unable to agree that either criticism is correct.

■ There undoubtedly was some dispute in the evidence as to whether the declared-upon injury to the appellee had occurred in March or in July, as well as how much damages he had suffered thereby, in consideration of which differences the trial court, at the beginning of Issue No. 29, had asked the jury to find from a preponderance of the evidence, what amount would fairly compensate the appellee "for such damages, if any, as were directly and proximately caused by, or will  *  *  *  as the direct result  *  *  * of the occurrence of March 18, 1948, made the basis of this suit, if you have so found  *  *  *." These phrases as to dates and amounts limited his damages to those resulting directly from the injuries he received on that specified date, without the court's having assumed anything, either as to the damages, or the date. Houston

Transit Co. v. Felder, 1948, 146 Tex. 428, 208 S.W.2d 880; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625; Western Union Tel. Co. v. Homer Tex. Civ.App., Ft. Worth 1941, 157 S.W.2d 659, affirmed 140 Tex. 193, 166 S.W.2d 684.

Particularly as to the date of the occurrence fixed by the court in the copied Issue 29 as "March 18, 1948," there had been much controversy between the parties, and some confusion on the part of the appellee; but the record shows that both his pleading and his testimony finally limited his declaration of his injuries to such as were received by him on that fixed date of March 18, 1948; so that, in framing the inquiry to the jury, the Court limited him to what, if anything, he suffered on that date, and no other. For this reason, it seems clear that the needless repetitions in the form of the issue, ·which appellant insists constituted both a charge on the weight of the evidence to the effect that an injury did occur to the appellee and an assumption that it occurred on "March 18, 1948, made the basis of this suit," etc., may not properly be so construed. Our courts have held in similar cases that such instructions as those here under review limited the elements of damage to those specified, both as to extent and time of occurrence. See Houston Transit Co. v. Felder, 146 Tex. 428, 208 S.W.2d 880; J. H. Robinson Truck Lines v. Ragan, Tex. Civ.App., 204 S.W.2d 662; Texas Employers Insurance Association v. McKay, 146 Tex. 569, 210 S.W.2d 147; Zephyr Oil Co. v. Cockburn, Tex.Civ.App., 215 S. W.2d 647, writ refused, n.r.e.

Especially would the rule applied in these just-cited cases apply here because this criticized issue No. 29 was not only the damage issue but it was the last one (except No. 30, which went out of the case), of a comprehensive charge to the jury, in which the learned trial judge had literally cross-examined the jury upon all the detailed issues-of-fact raised by the pleadings and evidence.

It would be supererogatory to further recite how fundamentally and progressively the court directed the jury to find separately and independently what the facts were

underlying appellee's claimed cause of action—i.e., his claimed injuries, how it occurred, etc. (and as the most material of all of them, when it occurred); for instance, after asking in Special Issue No. 1 whether the appellee sustained injury to his body, the court thus left to the jury the duty of fixing the time when that occurred:

"If you have answered Special Issue No. 1 Yes, and only in such event, then answer:

"Special Issue No. 2

"On what date do you find from a preponderance of the evidence that J. H. Denham sustained such injury, if any?

"Answer by stating date, if any."

The jury answered: "March 18, 1948."

Wherefore, the recitation by the court in the subsequent damage issue No. 29, repeating so much the phrase "the occurrence of March 18, 1948, made the basis of this suit, if you have so found," neither did nor could reasonably have influenced the jury in either finding that the appellee had been injured or the date of it—because the jury had so on its own already found the facts upon both features.

Appellant's Point 3 is overruled without extended discussion, upon the finding and conclusion that it presents nothing here for review. The substance of its complaint in this regard is thus stated in appellant's brief:

"Appellant tendered in evidence a written statement * * * by V. C. Featherhoff. The said statement contradicted directly the testimony * * * Featherhoff had given in his deposition in this respect—in his deposition he testified that he first learned of Appellee's claim that he had hit himself with a hammer in the spring of 1948, some two or three weeks after it actually happened. If believed, this would support Appellee's contention that he struck himself in March. As stated above, Appellant offered this testimony in evidence and it was received.

"In order to impeach the witness Appellant desired to show that he had earlier signed a statement to the effect that he first learned of Appellee's claim in the latter part of 1948. * * *

"The universally recognized rule is succinctly and correctly stated in 45 Tex.Jur. 142, Witnesses § 270:

" 'Generally speaking, a witness whose credibility is attacked may be shown to have made, on another occasion, a statement that is inconsistent with his testimony, for this tends to discredit him.' "

■ The record fails to show that any predicate was laid for the admission of the written statement so rejected by the court; indeed, it showed that, as a matter of fact, no such predicate was laid; wherefore the well established rule, that such a statement was not admissible unless the witness had first been questioned concerning it and had been given an opportunity to make such an explanation concerning the contradictory character of such statement with his subsequent testimony as he might desire, applied. Ayres v. Duprey, 27 Tex. 593, 594; St. Louis, Southwestern Ry. Co. of Texas v. Bishop, Tex.Civ.App., 291 S.W. 343; Bigham & McCall v. Carr, 21 Tex. 142; International & G. N. R. R. Co. v. Boykin, 99 Tex. 259, 89 S.W. 639; Whitfield v. Traders & General Insurance Co., Tex. Civ.App., 136 S.W.2d 626—no action shown on writ; Payne v. Price, Tex.Civ.App., 203 S.W.2d 544, 547—writ refused—n.r.e.

The judgment will be affirmed.

Affirmed.

Exhibit A.

"Special Issue No. 29

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for such damages, if any, as were directly and proximately caused by or will in reasonable probability be directly and proximately caused in the future as the direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit, if you have so found, taking into account such of the following elements which you find established by a preponderance of the evidence, and none other;

"(1) The reasonable value of such necessary medical and hospital expenses incurred by plaintiff in connection with the treatment of the injury, if any, suffered by plaintiff at the time and on the occasion made the basis of this suit, as the direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit.

"(2) Such physical pain, if any, as you may find from a preponderance of the evidence plaintiff has sustained from the date of the occurrence of March 18, 1948, made the basis of this suit, to the date of this trial, directly and proximately caused by the injury, if any, suffered by him as the direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit.

"(3) Such mental anguish, if any, as you may find from a preponderance of the evidence he has sustained from the date of the occurrence of March 18, 1948, made the basis of this suit, to the date of this trial directly and proximately caused by the injury, if any, suffered by him as a direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit.

"(4) Such physical pain, if any, as you may find from a preponderance of the evidence he will in reasonable probability sustain in the future beyond this date directly and proximately caused by the injury, if any, suffered by him as a direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit.

"(5) Such mental anguish, if any, as you may find from a preponderance of the evidence he will in reasonable probability sustain in the future beyond this date directly and proximately caused by the injury, if any, suffered by him as a direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit.

"(6) The reasonable present cash value for such loss of earning capacity, if any, of plaintiff as you may find from a preponderance of the evidence has been sustained since the date of the injury, if any, to the date of this trial directly and proximately caused by the injury, if any, suffered by him as a direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit.

"(7) The reasonable present cash value of loss, if any, of earning capacity of plaintiff as you may find from a preponderance of the evidence will in reasonable probability be sustained in the future beyond this date directly and proximately caused by the injury, if any, suffered by him as a direct and proximate result of the occurrence of March 18, 1948, made the basis of this suit.

"You are instructed that in answering this Special Issue you may only take into consideration such damages, if any, that directly and proximately result from the injury, if any, made the basis of this suit, such diseases, if any, as naturally and proximately resulted from such injury, if any, and the extent of aggravation, if any, of any preexisting diseases or bodily defects existing at the time of such injury, if any.

"You are instructed that you must not take into consideration in determining the amount of damages, if any, any physical pain and suffering, mental anguish, lost earnings or lost earning capacity, either past or future, which is directly and proximately caused by any pre-existing diseases, injury, infection or bodily infirmity of the plaintiff, except insofar as such pre-existing disease, injury, infection or bodily infirmity, if any, may have been aggravated by defendant's negligence, if any, on the occasion made the basis of this suit, if you find they have been so aggravated.

"In connection with this special issue you are instructed that should you allow the plaintiff damages in answer to such question, then the amount allowed for any decreased ability to work and earn money in the future, if any, and the amount allowed for physical and

mental suffering, if any, must be such amount as is the present value thereof and in determining the present value thereof you must take into consideration the rate of interest compounded annually at which money can be safely and securely invested and determine the present value of any amount you may so allow by discounting the same or deducting therefrom annually an amount equal to the rate of interest during the period for which you may allow such damages, and make the balance your answer.

"Answer by stating the amount, if any, in dollars and cents."