Mildred K. BRIDGES, a widow, Individually and as next friend of Joe Wallace Bridges, III, and Suzanne Bridges, Minors, Appellants,

v.

CITY OF RICHARDSON and Ray F. Smith & Son, Appellees.

No. 15869.

Court of Civil Appeals of Texas. Dallas.

July 14, 1961.

Rehearing Denied Sept. 29, 1961.

Woodgate, Richards & McElhaney, John H. McElhaney, Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Hobert Price, Dallas, for appellees.

WILLIAMS, Justice.

This is an action for wrongful death brought by the surviving widow, individually, and as next friend of the two minor children of Joe W. Bridges, deceased. It was the contention of the plaintiffs in the trial court that the deceased was killed as a result of a sudden upset of a motor scooter owned by his son, but operated by

the deceased, on the occasion in question. It was their contention that the upset occurred at night upon the deceased's crossing an unlit trench across a public street which was a part of a construction project wherein defendant Ray F. Smith & Son were installing underground water pipes for the City of Richardson. Plaintiffs alleged that the defendant City of Richardson had entered into a contract for the installation of water mains or sewer pipes with the defendant Ray F. Smith & Son; that the defendant contractor did, as a part of this work, dig a ditch at right angles across Greenville Avenue, and, after installing pipes, attempted to refill said ditch. It was alleged that the ditch was negligently or improperly refilled and that, as a matter of fact, a deep hole or gulley was left across the highway. Plaintiff claimed that the deceased, while riding along said street on the motor scooter, was caused to be thrown a great distance through the air when he ran into the ditch, the accident resulting in his death. The two defendants denied the allegations and alleged contributory negligence against the deceased, and, in the alternative, alleged the defense of unavoidable accident. The case was submitted to a jury upon special issues. The jury found that neither of the defendants was guilty of any of the negligent acts complained of; that the occurrence was not the result of an unavoidable accident; that the deceased was negligent in two respects; and the amount of damages sustained by plaintiffs was "none". Based upon this verdict the trial judge rendered judgment for the defendants.

Appellants' first point on appeal is that "the court erred in overruling appellants' motion in limine and, over objection, admitting highly prejudicial evidence for jury consideration showing that appellants had accepted a sum of money in settlement from a former co-defendant who was dismissed as a party before trial."

It is apparent from the record that the consulting engineering firm of Forrest & Cotton had originally been included as one of the defendants in this case, but subsequently dismissed, the reason for such action not being apparent. The trial pleadings did not include Forrest & Cotton as a defendant. In advance of the trial, and by motion in limine, plaintiffs requested the trial judge to instruct counsel for defendants not to refer to directly or indirectly certain subjects incorporated in said motion which included, inter alia, the following: "The fact that Forrest & Cotton, the consulting engineers who drew the plans and specifications for the installation of the water mains in the City of Richardson under the contract involved in this cause, was formerly a party to this lawsuit." Said motion also requested that no reference be made to the request for admissions propounded by plaintiffs, and the answers thereto, to Forrest & Cotton, one of the former defendants. The record does not contain an order of the court on this motion. There is nothing in the record to indicate that evidence was introduced in support of the motion. The record is extremely vague and indefinite as to the ruling of the court on said motion. At one point during the trial objection was interposed concerning testimony relating to Forrest & Cotton whereupon the court stated: "The court ruled on that." The record is silent as to whether such ruling was to the effect that said motion was sustained or overruled. The trial court did overrule objections by plaintiffs during the trial and permitted testimony to be introduced concerning Forrest & Cotton. The transaction vigorously objected to on appeal by appellants occurred while Mrs. Bridges was being cross-examined, as follows:

"Mr. Martin:

"Q. Now at the time that he filed the suit, he filed the suit for you, not only against Mr. Smith and the City of Richardson, but also against the firm of Forrest & Cotton, did he not? A. That is right.

"Q. Since that time have you through Mr. Richards made some kind of a deal with Forrest & Cotton—

"Mr. Richards: If it please the Court—

"Q. Whereby you are to be paid some money?

"Mr. Richards: If the Court please, I object to this line of question as being completely immaterial, irrelevant, it calls for something that is nothing more than pure speculation on the part of the witness, I don't think it has anything to do with this.

"Mr. Martin: It is on the matter of damage, Your Honor, so there would be no double recovery here.

"Mr. Richards: There is no double recovery or anything else, they may well have gone out on a point of law.

"Mr. Martin: You know very well they didn't go out on a point of law.

"Mr. Richards: You know very well there is no double recovery.

"Mr. Martin: I know pretty well that you have made a deal for some money and that is what I want to ask about so that they can't get it twice.

"The Court: I am going to overrule the objection, you may have your bill on the particular question.

"Q. (By Mr. Martin) Mrs. Bridges, have you made a deal with Forrest and Cotton whereby you are to receive some money for letting them out of the law suit?

"The Court: You must answer the question because the court has ruled that you must answer it and he has a bill of exceptions.

"Mr. Richards: If you know, Mrs. Bridges.

"The Court: If you know you must answer the question.

"A. Yes.

"Q. How much money? A. I believe it is the sum of $2,000.

"Mr. Martin: That is all, thank you...

"The Court: Do you have any further questions? The Court understands you take an exception to this particular ruling?

"Mr. Richards: Very much, Your Honor.

"The Court: I am not interested in whether it is very much, or not, just whether or not you take an exception.

"Mr. Richards: I except."

Appellants vigorously contend that it is unfair and prejudicial to a plaintiff for a defendant to be allowed to inform the jury that a former co-defendant had compensated the plaintiff for a part of the damages sustained; that there was no legitimate reason for the jury to be allowed to consider such evidence; and that the jury had the duty to decide the liability facts regarding the remaining defendants, which was a question entirely unrelated to whether the plaintiffs had been fortunate enough to obtain a partial recovery. In support of their plea for reversal appellants rely upon such cases as Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703; Myers v. Thomas, 143 Tex. 502, 186 S.W. 2d 811; Skyline Cab Co. v. Bradley, Tex. Civ.App., 325 S.W.2d 176, (err. ref. n. r. e.), and similar cases. While we recognize the rule that ordinarily the evidence relating to settlement and compromise, and the payment of money therefor, may have no proper place before the jury in a case of this kind yet, viewing the record as a whole, we are of the opinion that there are a number of reasons why appellants' point is without merit and must be overruled.

■■ In the first place, we are of the opinion that the matter was not properly presented to the trial judge so that an apparent error could be eliminated prior to tender of the testimony. The use of a motion in limine is appropriate and desirable in such cases to eliminate, in advance of trial, the possibility of any prejudicial testimony being offered before the jury.

For a discussion of the use of such motions in limine see "Personal Injury Litigation in Texas" paragraph 11.11(1). The very purpose of the use of the in limine motion is to enlighten the court, as well as adverse counsel, of the specific nature of the anticipated testimony which should not be offered. In this instance appellants' motion failed to set forth any facts which would advise the court, or counsel, of the nature of the alleged settlement made or the amount of money paid. The motion contained only a vague reference to the fact that Forrest and Cotton had previously been parties to the suit. This, in itself, is not sufficient to enlighten the court as to the details or as to why Forrest & Cotton were no longer in the case. They might have been eliminated from the case for any number of reasons other than settlement and the payment of money. Thus, appellants' motion fell far short of satisfying the requirement that the moving counsel enlighten the court, and adverse counsel, as to the facts and circumstances so that the court may intelligently act upon such motion. If there had been a settlement, and payment of money, and the execution of a release, all of these facts should have been made a part of the motion and the same should have been heard completely and thoroughly in advance of the trial so that the court would have been given an opportunity to further protect the interest of the plaintiffs. This was not done and appellants should not now be heard to complain of their failure to properly present the matter at the proper time.

■ When the complained of testimony was sought to be elicited from the witness no request was made by plaintiffs' counsel for the court to retire the jury and to allow the trial judge then to hear the offered testimony and rule upon the admissibility of the same. This would have been the proper procedure to have been taken under such conditions. Moreover, when the question was asked the proper objection was not made. The objection made was that it was "immaterial, irrele-

vant, it calls for something that is nothing more than pure speculation on the part of the witness, I don't think it has anything to do with this." Our Courts have often held that the general objection of both "immaterial and irrelevant" amounts to no objection at all. Easley v. Brookline Trust Co., Tex.Civ.App., 256 S.W.2d 983; Capitol Hotel Co. v. Rittenberry, Tex.Civ.App., 41 S.W.2d 697; 41–B Tex.Jur. §§ 138, 139, 140 and 141, together with cases therein cited. In making the general objection counsel for plaintiffs did not specify wherein the testimony would be immaterial or irrelevant and certainly the question was not subject to the objection that it called for speculation on the part of the witness.

■ Furthermore, the question complained of, by its very terms, does not reveal the existence of a compromise settlement agreement or release, in the ordinary sense. The questions complained of were: "Now at the time that he filed the suit, he filed the suit for you, not only against· Mr. Smith and the City of Richardson, but also against the firm of Forrest & Cotton, did he not? A. That is right. Q. Since that time you have through Mr. Richards made *some kind of a deal with Forrest & Cotton* * * * whereby you *are to be* paid some money?" (Emphasis supplied.) The words "some kind of a deal" "whereby you are to be paid some money" does not necessarily imply an agreement carrying with it the legal implication of a settlement by one of the parties. Webster defines the word "deal" to mean, inter alia, "to have dealing with—something implying connivance, sinister purpose, or the like. A clandestine arrangement, as in a busi-. ness or political bargain, to obtain mutual advantages by a combination of those interested." The term "deal" used in its broadest sense as well in the common accepted sense does not necessarily encompass the legal idea of a compromise settlement of a disputed claim.

Moreover, the wording of the complained questions indicates something of execu-

tory nature; something in futuro. The words "you are to be paid some money" are used several times. This indicates that the cross-examiner may have been exploring the possibility of a "deal" calling for future payment following the outcome of this litigation. This may, or may not have been admissible, but plaintiffs' counsel failed to properly present the same to the court by his objection.

We agree with appellees that the correct rule is that reversible error is not ordinarily shown in connection with rulings on questions of evidence unless the whole case turns on the particular evidence admitted or excluded. Missouri-Kansas-Texas R. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931; Hartman v. Harder, Tex.Civ. App., 322 S.W.2d 555. An examination of the record in this case convinces us that the testimony allowed over the objection of plaintiffs did not control the case as a whole. The record reveals that the real battle between the parties in this case was that of liability on the part of the two defendants. We cannot conceive that the admitted testimony was of such a nature as to control the case on the question of liability and therefore the admission of the evidence does not constitute reversible error under the authorities cited.

Finally, should it be said that we are wrong in the foregoing, we are of the opinion that the testimony admitted does not amount to such a denial of the rights of the appellants as would reasonably be calculated to cause and probably did cause a rendition of an improper judgment in this case. Rule 434, Texas Rules of Civil Procedure; Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277. In obedience to the rule announced in the Condra Funeral Home case, supra, we have considered the question of harmless error under Rule 434 in the light of the entire record. To say that the admission of the testimony complained of caused the rendition of an improper judgment we would be compelled to conclude from a review of the record that but for the admission of the evidence the jury would probably have answered the issues in such a fashion as to impose liability on the defendants. It is not enough to say that the jury might possibly have done so. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. In this case the jury made favorable findings to the plaintiffs on many special issues but against the plaintiffs on two issues of contributory negligence. The jury found in favor of the defendants on all negligence issues and answered the damage issue "none". As to damages, the testimony shows that Mr. Bridges, the deceased, had a life expectancy of 30 more years with the annual earning of $5,000, for which plaintiffs sought damages for $150,000. In the light of this testimony we cannot say that but for hearing evidence that the plaintiffs had taken $2,000 from another defendant they would have probably rendered a verdict for plaintiffs. Having reached this conclusion that no error resulted in the admission of the evidence complained of, appellants' first point is overruled.

By appellants' second point, they complain that the court erred in basing its judgment in part upon general findings of contributory negligence when the jury found in plaintiffs' favor on specific acts of contributory negligence. In answer to special issue No. 6 the jury found that Bridges was negligent in riding the motor scooter at night. In answer to special issue No. 13 the jury found that Bridges was negligent in riding the motor scooter without sufficient experience. These acts of contributory negligence were found to have been proximate causes of Bridges' death. In answer to other issues on contributory negligence the jury acquitted Bridges of various acts, such as driving with insufficient lights, driving the scooter in need of repairs, with inadequate brakes, failing to keep a proper lookout, driving at a greater rate of speed than a person of ordinary care, and in not failing to have the vehicle under proper control, etc. Appellants' argue that the findings of special issues Nos. 6 and 13, being so general in nature, should

yield to the findings acquitting Bridges of the specific acts. While there might be some arguable questions concerning the general or "global" nature of special issues Nos. 6 and 13, we do not deem it necessary to decide that point.

Appellants' point is answered completely in the light of the overall jury verdict which found that the defendants were guilty of no acts of negligence and found no damages. These findings, alone, required the trial court to render a judgment in favor of the defendants, regardless of the findings on the issues of contributory negligence. Having failed to secure jury findings of negligence and proximate cause against either of the defendants no other judgment could have been rendered by the trial judge save that of one for the defendants. Appellants' second point is, therefore, overruled.

The judgment of the trial court is affirmed.