**ATLANTIC MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Dorothy MIDDLEMAN, Appellee.**

No. 16899.

Court of Appeals of Texas, San Antonio.

Sept. 21, 1983.

Rehearing Denied Nov. 7, 1983.

Emilio M. Garza, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellant.

Les Mendelsohn, Branton & Mendelsohn, San Antonio, for appellee.

Before ESQUIVEL, REEVES, and TIJERINA, JJ.

## OPINION

*On Appellee's Motion for Rehearing*

TIJERINA, Justice.

After reconsideration on appellee's motion for rehearing, this Court orders that the opinion delivered July 20, 1983, reversing the trial court judgment, be withdrawn and that we substitute this opinion in its stead.

This is an appeal from a judgment based on a jury verdict, which set aside a compromise settlement agreement in a worker's compensation case. Based on the jury's verdict, the trial court rendered judgment in favor of appellee, Dorothy Middleman.

The issues raised by appellant in thirty-nine points of error concern the following: (1) alleged trial court error in the admission of irrelevant, hearsay and opinion testimony from the witnesses, Rachael Benevides and Mrs. Middleman; (2) no evidence and insufficient evidence to support the jury's answers to special issues, including the sub-

mission of the special issues and questions concerning the jury instructions; (3) error in overruling the motion for directed verdict and motion for judgment notwithstanding the verdict since there was no evidence that Joseph Middleman sustained an injury to his leg, and no evidence that he sustained an injury in the course and scope of his employment; and (4) error in not admitting in evidence a prior inconsistent statement of Rachael Benevides.

 The questions of admissibility of evidence raised by appellant will be addressed jointly with point of error number nine, which asserts that the cumulative effect of admission of hearsay testimony was reasonably calculated to cause and probably did cause, the rendition of an improper judgment. To obtain reversal of a judgment based upon error of the trial court in admission or exclusion of evidence, appellant must first show that the trial court's determination was in fact error, and second, that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Hernandez v. Hernandez,* 611 S.W.2d 732, 737 (Tex.Civ.App.—San Antonio 1981, no writ). Reversible error is not ordinarily shown in connection with rulings on questions of evidence unless the whole case turns on the particular evidence admitted or excluded. *Bridges v. City of Richardson,* 349 S.W.2d 644, 649 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). *See also* TEX.R.CIV.P. 434.

 The evidence complained of consists of the testimony of the co-worker Benevides and Mrs. Middleman, introduced for the purpose of proving that the worker sustained an injury in the course and scope of his employment. Mrs. Middleman testified that she drove her husband to work between 8:15 a.m. and 8:30 a.m., that he was perfectly normal and did not bump himself getting out of the car or entering the building where he worked. The co-worker Benevides testified that she arrived at 8:50 a.m. and found Middleman rubbing his leg and "he said he must have hurt his leg in the stockroom, bumped it." There was further testimony that the stockroom was filled with cartons of shoes. Middleman was unable to walk properly and limped around the store until he was driven home at 4:00 p.m. Mrs. Middleman testified that when he arrived home he was limping and stated that he had hurt his leg when he bumped against a protruding box in the stockroom. The following day he was admitted to the hospital with a diagnosed hematoma of the thigh. Dr. James O'Neill testified that a hematoma is the extravasation of blood usually as the result of trauma, and as follows:

Q: So in your opinion was there a relation, a causal relation between the blow to the leg—assume there was a blow to the leg that caused the hematoma—and the embolism which finally caused Mr. Middleman's death?

A: I would say so.

Excited or spontaneous utterances considered *res gestae* statements are admissible as evidence as an exception to the hearsay rule, provided there is independent proof of the incident or occurrence to which the statements relate. *Hartford Accident & Indemnity Co. v. Hale,* 400 S.W.2d 310, 311 (Tex.1966). In this case there is a close proximity between the time the worker entered the employer's premises uninjured and perfectly normal and the time the co-worker found him rubbing his leg. Consequently, there is sufficient direct and circumstantial evidence of probative value to establish where, when and how the worker was injured. The Supreme Court in *Hale, supra,* did not specifically state that the independent proof of the incident or occurrence to which the statement relates must be established by direct evidence. As a general rule, a fact finder has implied findings power, and can make a reasonable inference from the direct or circumstantial probative evidence. In *Harrison v. Harrison,* 597 S.W.2d 477 (Tex.Civ.App.—Tyler 1980 writ ref'd n.r.e.), a worker's compensation case concerning the question of whether the worker was injured in the course and scope of his employment, the court stated: "The jury is not only the judge of the facts and circumstances proven, but may also

draw reasonable inferences and deductions from the evidence presented to it." *Id.* at 485. The evidence required in Texas to prove negligence and proximate cause may be established by circumstantial as well as direct evidence. The Supreme Court, in *Reina v. General Accident Fire & Life Assurance Corp.,* 611 S.W.2d 415 (Tex.1981), addressed a question of evidence concerning total and permanent disability from circumstantial evidence produced by lay witnesses. It is within the province of the jury to judge the credibility of the witnesses and to determine the weight to be given their testimony. *Diaz v. Cantu,* 586 S.W.2d 576, 579–80 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). A court of appeals cannot substitute its judgment for that of a trier of fact, even though after reviewing the evidence, it may have reached a different conclusion from that of the jury. *Johnson v. Buck,* 540 S.W.2d 393, 411 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). In *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186 (Tex.1980), where appellant complained of the admission of testimony by the worker's wife that her husband was on the way to work at the time of the occurrence in question, the Supreme Court stated, "because there was other evidence sufficient to support the jury verdict we need not consider whether the admission of this testimony was error because error, if any, would be harmless." *Id.* at 193.

■ Thus, we are of the opinion that the statement of appellee's deceased husband, Joseph Middleman, to the effect that he must have hurt his leg in the stockroom, was admissible evidence because there was other independent evidence to corroborate the injury. We consider the following evidence introduced in court corroborated the statement made by the decedent and the evidence of the occurrence of the event:

1. Mr. Middleman was walking normally upon arrival at work on the date of his injury.
2. Shortly thereafter he was seen rubbing his leg in the stockroom, and complaining of an injury to the limb.
3. That he limped or favored his limb for the remainder of the day.
4. That Mr. Middleman evidenced pain and refrained from active movement during the rest of the day.
5. The testimony of Mrs. Middleman that she administered a heating pad on the painful portion of Mr. Middleman's leg.
6. That shortly after the alleged injury a medical doctor diagnosed Mr. Middleman's injury as a broken blood vessel (hematoma).
7. Mr. Middleman's entrance in the hospital as a result of the injury and his subsequent death two days later.

*Scott v. Millers Mutual Fire Insurance Company of Texas,* 524 S.W.2d 285, 289–90 (Tex.1975); *Gulf Insurance Co. v. Johnson,* 616 S.W.2d 320, 323–24 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ granted). *See Deatherage v. International Insurance Co.,* 615 S.W.2d 181, 182–83 (Tex.1981). Points of error one, eight and nine are overruled.

■ Appellant in his second point of error alleges the trial court erred in sustaining appellee's objection to admission of a prior inconsistent statement by the witness, Benevides, to-wit: "I do not ever recall Mr. Middleman ever saying to me or hearing him tell anyone that he specifically hit his leg against something at the store...." The record reflects that the objection was predicated on appellant's failure to establish a predicate for the introduction of a prior inconsistent statement. Generally, proof of inconsistent statements of a witness can be introduced and considered only for the purpose of impeachment, and not as substantive evidence of the truth of the matters stated. *Fultz v. First National Bank in Graham,* 388 S.W.2d 405, 408 (Tex.1965). The prior statement was read to the witness Benevides on cross-examination and she acknowledged making the statement, but when appellant sought to introduce the statement as a prior inconsistent statement, appellee objected on the grounds that the statement was not inconsistent and a proper predicate had not been established. The court sustained the objection. We do not

find any inconsistency or contradiction in the statements. *See Anizan v. Paquette,* 113 S.W.2d 196, 199 (Tex.Civ.App.—Galveston 1938, writ dism'd). Also, the proper predicate for the admission of the witness's statement as a prior inconsistent statement was not laid. The well established rule provides that such statements are not admissible unless the witness has first been questioned concerning it and given an opportunity to explain the contradictory character of the statements. *Thompson v. Denham,* 250 S.W.2d 460, 463 (Tex.Civ.App.—Galveston 1952, writ ref'd n.r.e.). An examination of the record in this case clearly shows that the testimony admitted over appellant's objection did not control the case as a whole and would not have caused the rendition of an improper judgment, and therefore the error, if any, is harmless. *See Bridges v. City of Richardson, supra;* TEX. R.CIV.P. 434. Point of error number two is overruled.

■■■ We next consider appellant's general allegations of no evidence and insufficient evidence to support the jury's answers to special issues numbers 1, 2, 3, 4 and 5, and appellant's claim that the trial court erred in submitting special issues numbers 5, 5A and 6. In deciding a no evidence point, we must view the evidence in the light most favorable to the verdict and consider only the evidence and inferences that support the verdict. *Freeman v. Texas Compensation Insurance Co., supra* at 191. In determining sufficiency of the evidence points, we must consider and weigh all the evidence in the case and set aside the verdict and remand for a new trial if we conclude that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (Tex.1951). *See also* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960). It has been previously determined there was sufficient evidence of probative value to support the judgment, and having reviewed the entire record, including the evidence contrary to the verdict, we do not find that this evidence is so against the great weight and preponderance as to be clearly wrong and unjust. "[A]ssertion of no evidence has validity only if there is absence of any evidence of probative force, either direct or circumstantial, to raise an issue submitted...." *Kentucky Central Life Insurance Co. v. Fannin,* 575 S.W.2d 76, 80 (Tex. Civ.App.—Amarillo 1978, no writ).

■■■ In reviewing appellant's objections to the submission of special issues, alleged trial court error in the instructions to the jury on special issue number nine, and failure to further instruct in special issue number ten, we again reviewed the whole record. If there is some evidence raising an issue, the trial court is required to submit the issue even though the evidence may be insufficient to support an affirmative finding. *Wenzel v. Rollins Motor Co.,* 598 S.W.2d 895, 902 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). A contention that an issue should not have been submitted or that a finding of the jury should be disregarded because of the insufficiency of the evidence is subject to only one construction. It can mean only that there is no evidence to warrant submission of the issue or support the jury's findings. The test for the determination of no evidence requires that we consider only the evidence and inferences tending to support the submission of the issues and disregard all evidence to the contrary. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). An instruction is "proper" if it finds support in any evidence and the inferences to be drawn therefrom, and if it might be of some aid or assistance to the jury in answering the issues submitted. *Harrison v. Harrison, supra* at 487. There is a notation on the record that both parties submitted proposed special issues and instructions which were not filed for record and were apparently lost or misplaced. Nevertheless, the record indicates that the proposed special issues were fully discussed, and all of appellant's objections to the issues submitted were overruled by the court. Having considered only the evidence and inferences tending to support the submission of

the special issues, we find sufficient direct and circumstantial evidence of probative value to support the submitted special issues, the jury findings on the special issues, and the judgment.

In the review of the entire record, we find that appellant has not briefed or presented any authority in support of the contentions in points of error, three, four, five, six, seven, sixteen, seventeen, eighteen, nineteen and twenty-four. Points of error are considered waived where they are not supported by authorities and contain only general arguments. *See Ranger Insurance Co. v. Rogers,* 530 S.W.2d 162, 170 (Tex.Civ.App.—Austin 1975, writ ref'd n.r. e.); TEX.R.CIV.P. 418(e). We have, however, considered the issues raised on the waived points of error and find no reversible error.

In points of error twenty-five through thirty-one appellant challenges the submission of special issues one, two, three, four, six, seven, eight and nine, alleging as follows: (25) the court had no jurisdiction to submit the issues; (26) the issues were not supported by the pleadings; (27) the issues were not controlling issues; (28) there was no evidence to support submission of issues; (29) the issues constituted a deliberate attempt by appellee to create an impression that the trial court would determine worker's compensation issues and findings on such issues; (30) the trial court failed to comply with the law of the case; and (31) issues number six, seven, eight and nine are prejudicial and misled and confused the jurors on the proper issues. The allegations of error as to multiple issues violates the requirements of TEX.R.CIV.P. 418, and are regarded as too general. A point of error is multifarious if it embraces more than one specific ground of error. *Inman v. Padrezas,* 540 S.W.2d 789, 796 (Tex.Civ.App.—Corpus Christi 1976, no writ); *See Slayton v. White,* 487 S.W.2d 204, 205 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.). The multiple issues and grounds of error advanced in appellant's points of error numbers twenty-five through thirty-one are multifarious and not considered for review. The factual issues were resolved by the jury and in the exercise of its prerogative, the jury answered the submitted special issues favorable to appellee. *See Johnson v. Buck, supra.* Further, the jury, based upon its implied findings, could have reasonably inferred the controlling fact question, i.e., that the worker was injured in the course and scope of his employment. We have previously reviewed the pleadings and found them to be supportive of the judgment pursuant to TEX. R.CIV.P. 47, and the issues in question were further supported by the pleadings. It is additionally noted that appellant did not file a plea in abatement pursuant to TEX.R. CIV.P. 93(n).

Points of error numbers fourteen and fifteen concern questions of no evidence that the worker sustained an injury or that the worker sustained an injury in the course and scope of his employment. As a result thereof, appellant claims the trial court erred in overruling the motion for directed verdict and motion for judgment notwithstanding the verdict. Appellant does not specifically argue or brief its contentions with reference to the motion for directed verdict or motion for judgment notwithstanding the verdict, but makes general and vague allegations that it is asserting the same grounds used in challenging the jury's answer to the special issue. While we consider these points multifarious, we will nevertheless address them. Most recently the Supreme Court reviewed a directed verdict case in *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983), saying: "The directed verdict ... can be upheld only if the record contains no evidence of probative force to raise material fact questions.... If reasonable minds may differ on the resolution of the controlling facts, jury issues exist, and the directed verdict cannot stand." The trial court has a duty to render judgment in accordance with the jury's findings unless the answers to the special issues have no support in evidence; judgment *non obstante veredicto* is proper only where a directed verdict would have been proper. *Southwes-*

*tern Bell Telephone Co. v. Sims,* 615 S.W.2d 858, 861 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). The test for determining whether there is any evidence of probative force requires that we view the evidence in the light most favorable to the party against whom the motion for judgment *non obstante veredicto* is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *City of San Augustine v. Roy W. Green Co.,* 548 S.W.2d 467, 472 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.). The direct evidence in this case establishes that the worker was driven to work by his wife, that he was perfectly normal and did not injure himself in getting out of the car or going into the employer's premises. The circumstantial evidence reflected in the record indicates that a co-worker arriving for work some fifteen to thirty minutes later found the worker sitting, rubbing his leg, and stating that he must have injured his leg, or bumped it in the stockroom. There was additional direct evidence that the stockroom was full of cartons of shoes, and the medical doctor diagnosed the condition as a hematoma which usually results from trauma. This constituted sufficient, direct and circumstantial evidence of probative force to support the submission of the issues, the jury's findings, the judgment, and the trial court's action in overruling the motion for directed verdict and the motion for judgment notwithstanding the verdict. All of appellant's points of error are overruled.

The judgment is affirmed.

ESQUIVEL, Justice, dissenting.

In my opinion, the controlling issue in this case is whether hearsay statements, which were the only evidence offered to prove that Middleman sustained an accidental injury in the scope of his employment, were admissible. I conclude that the trial court erred in admitting them.

The operative facts are as follows: Middleman suffered from a heart condition and had been under medication to prevent blood-clotting for about a year prior to his death. He died on August 14, 1970, as a result of a pulmonary embolism due to phlebothrombosis of leg veins. On August 11, 1970, he was driven to his place of employment by appellee at approximately 8:15 a.m. At approximately 8:50 a.m., a co-worker, Rachael Benevides, found him inside the store sitting in a customer chair rubbing his right leg, thigh and knee with both hands. He was unable to work properly throughout the day and limped around the store until 4:00 p.m., when Benevides drove him home. He spent a restless night due to pain in his leg. The following day appellee took him to a doctor and he was admitted to the hospital after being diagnosed to have a hematoma on the thigh. He died two days later.

The evidence complained of is a portion of the testimony of Benevides and of appellee. Benevides was permitted to testify that in answer to her inquiry if there was something wrong when she found him rubbing his leg, Middleman answered: "Yes, I must have hurt my leg in the stockroom." Appellee was permitted to testify that when he arrived at home that afternoon, Middleman told her, "I bumped and hurt my leg" and that he had hit it against a protruding box in the storeroom. Appellee was further permitted to testify that she had told Middleman's employer, Mr. Katz, the next day after the funeral, that Middleman "... had bumped his leg against a box at the store and the doctor said he had a broken blood vessel."

The contention of appellant is that none of this testimony was admissible as evidence as an exception to the hearsay rule because there is no independent proof of the incident or occurrence to which the statements relate. I agree. For declarations to be admissible in evidence as part of the *res gestae* they must be made in connection with an act proven; there must be evidence of an act itself admissible in the case independently of the declaration that accompanies it. *See Hartford Accident & Indemnity Co. v. Hale,* 400 S.W.2d 310, 311 (Tex.1966); *Truck Insurance Exchange v. Michling,* 364 S.W.2d 172, 175 (Tex.1963).

Evidence which establishes only that the event could have occurred does not satisfy the requirement; it must be sufficient to support a finding that it did occur. *Hartford Accident & Indemnity Co. v. Hale, supra.*

The competent evidence having any bearing on Middleman's injury, in my opinion, is as follows: When Middleman left home for work with appellee he was perfectly normal and did not bump himself getting out of the car or upon entering the building where he was employed. There is a close proximity between the time Middleman entered the building uninjured and perfectly normal and the time Benevides found him rubbing his leg. The statements concerning his injury which Benevides was permitted to testify to were made a few minutes after he entered the building, and, were, that he had injured and that he must have bumped his leg in the storeroom. There was testimony that the stockroom was filled with cartons of shoes. An examination of Middleman by the doctor revealed a hematoma.

There is nothing in the above evidence, other than Middleman's statements to Benevides, even tending to prove that Middleman sustained an injury by bumping into a box or carton of shoes in the stockroom, or any other object in the stockroom for that matter, except that he arrived at work in a perfectly normal manner and some thirty minutes later was seen rubbing his leg and later diagnosed as having received an injury which could have been caused in that manner. This is not enough. The statements made to Benevides were therefore not admissible in evidence as part of the *res gestae.* I apply the same reasoning and conclusion to the declaration made by Middleman to appellee.

For the stated reasons, I respectfully dissent.