NUMBER 13-04-240-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

TEXAS DEPARTMENT OF 

PUBLIC SAFETY,                                                                            Appellant,

 

                                                             v.                                

 

TIMOTHY ALBERT DELANEY,                                                      Appellee.

 

                             On
appeal from the County Court at Law No 2 

                                                of
Victoria County, Texas.

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum
Opinion by Justice Garza           

 








The Texas Department of Public Safety (Athe Department@) appeals a judgment reversing the suspension of
Timothy Albert Delaney=s driver=s license. 
Following a hearing by the State Office of Administrative Hearings, an
administrative law judge (AALJ@) upheld the suspension of Delaney=s license for a period of 180 days.  See Tex.
Transp. Code Ann. '' 524.012(d), 524.031 (Vernon 1999).  Delaney appealed to the county court,
contending that the ALJ=s refusal to allow him to examine four witnesses
violated his due process rights.  The
county court agreed and overturned the ALJ=s suspension. 
On appeal, the Department contends that the county court erred in
impliedly holding that error had been preserved.  We agree. 
We reverse the judgment of the county court and reinstate the ALJ=s decision.

Delaney was arrested for driving while intoxicated
following a single-car accident where Delaney=s
vehicle skidded 436 feet, clipped off a sign post, passed through two sides of
a goat pen, killed a goat, and came to rest after striking a shed.  At the scene of the accident, Trooper Gabriel
Huber approached Delaney.  Delaney
admitted to being the driver of the vehicle, told the trooper that he was
coming from a bar in downtown Victoria, where he had a glass a wine, and
explained that his vehicle had a Ablowout.@  Trooper
Huber observed Delaney to have a strong odor of alcohol, glassy and bloodshot
eyes, and slurred speech.  He also
observed that Delaney was having difficulty maintaining his balance.  Trooper Huber asked Delaney to submit to
field sobriety tests, which he refused. 
Delaney was arrested and, after being read the statutory warning, was
asked to submit to a breathalyzer. 
Delaney refused.     








Delaney requested an administrative hearing to
contest the suspension of his license for refusing the breath test.  See Tex.
Transp. Code Ann. '' 524.012(d), 524.031.  At the hearing, the Peace Officer=s Sworn Report was offered and admitted.  Delaney testified that he was coming from a
bar where he had no more than two drinks, that he had not lost the use of his
faculties, and that the accident was the result of a blowout.  A neighbor, Greg Goodner, who was at the
scene of the accident, testified that Delaney showed no signs of
intoxication,  but also admitted that he
had no training in the detection of intoxication.  Delaney had also brought four other witnesses
who, he said, would Arepeat exactly the basic testimony of [Goodner].@  However, the
ALJ disallowed the testimony of these additional witnesses.[1]  After the hearing, the ALJ found that there
was reasonable suspicion to stop or make contact with Delaney and probable
cause to arrest him; that there was probable cause to believe Delaney was
driving a motor vehicle in a public place while intoxicated; that Delaney had
been read the statutory warning form; and that he was asked to give a specimen
of breath.  The ALJ also found that
Delaney had refused the breath test.     








The admission or exclusion of evidence is a matter
within the trial court's discretion.  Norwest
Mortgage, Inc. v. Salinas, 999 S.W.2d 846, 861 (Tex. App.BCorpus Christi 1999, pet. denied) (citing City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995)). We review
administrative rulings on the admission or exclusion of evidence under an abuse
of discretion standard.  See Tex.
Dep't of Pub. Safety v. Mendoza, 956 S.W.2d 808, 810 (Tex. App.BHouston [14th Dist.] 1997, no pet.).  A court abuses its discretion if it acts
without reference to any guiding rules and principles or acts arbitrarily and
unreasonably.  Id. at 810‑11.  An appellate court must uphold the ALJ=s evidentiary ruling if there is any legitimate
basis for the ruling, even if it was not previously urged.  See State Bar v. Evans, 774 S.W.2d 656,
659 n.5 (Tex. 1989).  To obtain reversal
of a judgment based on error in the admission or exclusion of evidence, an
appellant must show that the trial court's ruling "probably caused the
rendition of an improper judgment." Tex.
R. App. P. 44.1(a).  Reversible
error does not usually occur in connection with rulings on questions of
evidence, unless the appellant can demonstrate that the whole case turns on the
particular evidence admitted or excluded. 
See Atlantic Mut. Ins. Co. v. Middleman, 661 S.W.2d 182, 185 (Tex.
App.BSan Antonio 1983, writ ref'd n.r.e.).  The exclusion of evidence is harmless if the
evidence is merely cumulative of other evidence in the record.  Reina v. Gen. Accident Fire & Life
Assurance Corp., 611 S.W.2d 415, 417 (Tex. 1981); see also Gee v.
Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).








In its first issue, the Department contends that the
county court erred in impliedly holding that Delaney had preserved the issue
for review.  It asserts that Delaney
failed to preserve anything for the county court to review because Delaney made
no objection to the administrative court=s ruling, 
made no offer of proof or bill of exceptions in regard to his additional
witnesses, and did not show what evidence he wanted to offer through these
witnesses.  See Tex. R. Evid. 103(a).   Texas Rule of Evidence 103(a)(2) provides
that error may not be predicated upon a ruling which excludes evidence unless a
substantial right of a party is affected and the substance of the evidence was
made known to the court by offer of proof or was apparent from the context
within which questions were asked.  Tex. R. Evid. 103(a); Railsback v.
State, 95 S.W.3d 473, 477‑78 (Tex. App.B
Houston [1st Dist.] 2002, pet. ref'd). 
An offer of proof needs to show the facts that a defendant wishes to
prove; if it does not do so, the issue is not preserved for appellate review.  Jenkins v. State, 948 S.W.2d 769, 775
(Tex. App.BSan Antonio 1997, pet. ref'd). 

In addition to Goodner=s
testimony, Delaney sought to introduce the testimony of four other witnesses.[2]  Two of the witnesses were present at the
scene of the accident and two were with Delaney prior to the accident.  We first address whether the ALJ abused its
discretion in excluding the testimony of the two witnesses who were present at
the scene of the accident.  Without
deciding whether Delaney made an offer of proof sufficient to preserve the
issue for appeal, we find that the trial court did not abuse its discretion in
excluding the testimony of the two witnesses who were present at the
incident.  The State Office of
Administrative Hearings (ASOAH@) has established rules limiting repetitious
testimony.  An ALJ has the authority and
duty to limit irrelevant, immaterial, and unduly repetitious testimony, and
reasonably limit the time for presentations. 
1 Tex. Admin. Code '' 155.15(b)(7), 159.41(1) (Vernon 2005).  Delaney testified as to his condition at the
time of the accident; his witness, Goodner, also testified as to Delaney=s condition at the time of the accident.  The two prospective witnesses Delaney wanted
to call would have testified Aexactly@ as Goodner had done.  Therefore, the two witnesses= testimony, that Delaney was not impaired and did
not appear intoxicated, was already before the court by through Goodner=s testimony. 
Thus, the ALJ was within her discretion to exclude the testimony as
repetitive. 








Delaney argues that cumulativeness alone is not a
basis for the exclusion of evidence.  He
cites to Bohmfalk v. Linwood, 742 S.W.2d 518, 521 (Tex. App.BDallas 1987, no writ), for the contention that the
decisive factor is not whether the testimony is cumulative, but instead,
whether the excluded testimony would have added substantial weight to his
case.  If so, he argues, it is error,
possibly harmful error, to exclude the testimony.  See id. 
However, Delaney has failed to provide us with any information as to
how the testimony, although cumulative, would have added substantial weight to
his case.  Further, we find it unlikely
that the excluded testimony would have added substantial weight to his case
because the trial judge had already heard similar testimony and was aware that
there were additional witnesses willing to testify as to Delaney=s condition. Moreover, we find it unlikely, that in
light of the evidence showing Delaney was driving while intoxicated and refused
to provide a breath specimen, the exclusion of the other witnesses= testimony caused the rendition of an improper
judgment.  We find that the testimony of
these two witnesses would have been repetitious, and therefore, the ALJ did not
abuse its discretion in excluding it. 








As to the witnesses who were with Delaney prior to
the accident, we note that Delaney failed to make an offer of proof at the ALJ
hearing regarding the excluded testimony of these witnesses.  See Tex.
R. Evid. 103(a)(2); Akin v. Santa Clara Land Co., 34 S.W.3d 334,
339 (Tex. App.B San Antonio 2000, pet. denied) ("The failure
to make an offer of proof containing a summary of the excluded witness's
intended testimony waives any complaint about the exclusion of the evidence on
appeal.").[3]  By failing to make an offer of proof or a
bill of exceptions, Delaney has presented nothing for review.  See Tex.
R. App. P. 33.2; Tex. R. Evid. 103(a)(2); see also Chavez v. State,
6 S.W.3d 66, 69 (Tex. App.BSan Antonio 1999, pet. ref=d) (holding that defendant failed to present any
error for appellate review where defendant failed to make offer of proof or
bill of exceptions to show what questions defendant would have asked and what
answers he expected); Jenkins v. State, 948 S.W.2d 769, 775 (Tex. App.BSan Antonio 1997, pet. ref=d) (finding when there is no bill of exception or
offer of proof to show the facts the defendant could have proved, the issue was
not preserved for appellate review); Garza v. State, 846 S.W.2d 936, 939
(Tex. App.BHouston [1st Dist.] 1993, pet. ref'd).  We hold that the ALJ did not abuse its
discretion in excluding the testimony of these two witnesses.  

  We reverse
the judgment of the county court and reinstate the ALJ=s decision.

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 18th day of August, 2005.

 











[1] Appellee states that the ALJ, sua
sponte, ruled that Delaney could only have one witness testify.  However, based upon the limited record
available to us, we cannot determine the circumstances surrounding the ALJ=s decision to exclude the
testimony.  We note that the record
reflects that, at some point prior to the hearing, Delaney=s attorney and the ALJ had
discussed that the court would not allow repetitive testimony.  The record reflects that, after Goodner=s tesimony, the following colloquy
took place between the ALJ and Delaney=s attorney: 

 

JUDGE
SORENSON:  Okay. Anything further,
[counsel]?  

 

[DELANEY=S COUNSEL]:  Nothing
further.  I have some other witnesses,
but I asked the Court before and it didn=t want repetitive testimony, and the other two witnesses I
have would repeat exactly what B the basic testimony of this witness.    





[2] The reporter=s record shows that Delaney offered
only three witnesses.  However, Delaney=s brief refers to five witnesses,
three who were present at the scene of the incident (including Goodner) and two
who were with Delaney prior to the accident. 






[3] The following colloquy took place
between Delaney=s attorney and the ALJ with regard
to the two witnesses who were with Delaney prior to the accident:  

 

JUDGE SORENSON:  And you said you had a witness, also, that
was with Mr. Delaney prior to the incident. 
And I also told you B  

 

[DELANEY=S COUNSEL]:  Right. 


 

JUDGE
SORENSON:   B I was not going to allow that
testimony of that witness, as well. 

 

[DELANEY=S COUNSEL]:  All right. 
Well, we=llB

 

JUDGE
SORENSON:  Okay.