## R. H. HALL v. JOHN SIMMONS.

It is not error to reject testimony, offered to discredit the statements of a witness, by proof, that he has at another time made a different statement, if the testimony offered, do not show any inconsistency or contradiction in the statements.

APPEAL from Bastrop. Tried below before the Hon. Alexander W. Terrell.

This was a suit brought by Robert H. Hall, against John Simmons, to enjoin him from exercising any further control of the farm and stock of the plaintiff, of which the defendant was possessed under a verbal contract between them.

By the terms of the contract, Simmons was to take charge of the said premises, cultivate, and manage them, upon the terms and stipulations therein provided. The plaintiff alleged, that the defendant, after taking possession and control under the said contract, (made in June, 1856,) on the 10th day of June, 1857, notified him, "that he would not comply with the agreement, that he would take care of nothing, in which he was not interested, and that he would not board petitioner any longer." The petition alleged that by the terms of the contract, among other stipulations mutually made, it was agreed that the plaintiff "might be upon said premises as much or as little, as he might wish; but when there, it should be his home." This allegation was specifically denied, and the course pursued by the plaintiff, whilst on the premises at the defendant's house, complained of by

defendant, as a sufficient reason for not permitting the plaintiff to occupy the position of a guest at his house, and therefore, he notified him, that unless he altered his course, he would not permit him to stay on his place; whereupon, the plaintiff maliciously brought his suit.

The defendant pleaded in reconvention, claiming damages. Verdict and judgment for the defendant, for $300.

On the trial, the defendant proved, by the deposition of William Cline, that he heard the *plaintiff* state to Simmons, that he wanted him to remain with him on his farm, as he could not do without him ; that he would give him up his farm and stock to manage, and that he would only come about the premises as a visitor, making his home in Bastrop ; and also, other matters connected with the contract.

After the defendant had closed his case, the plaintiff offered the depositions of the same witness, taken by the plaintiff, for the purpose of laying the predicate, to contradict the foregoing statements of the witness ; the interrogatory and answer were as follows : Did said witness remember a certain conversation in the town of Bastrop, about the 1st of July, 1856, between himself and William Earbee, John Hearn, George M. Hall, and William Hargrave, at the store of G. M. Hall, in which said witness stated to said parties, that he knew nothing of the contract between said plaintiff, Hall, and defendant, for the rent of the premises in controversy, except what had been *told him by the defendant, Simmons ?* To which he answered, that he was not acquainted with said parties, Earbee, Hall, Hearn, and Hargrave, and that he never had any such conversation with them, or either of them, nor made to either of them any such statement. These were admitted in evidence without objection, and the plaintiff then offered the deposition of William Hargrave, to contradict the foregoing answer, which stated " that he remembered meeting Cline in George M. Hall's store, and heard him tell William Earbee, that the plaintiff had almost given the defendant his place, and paid him to take it, *so Simmons had told him.*" To the introduction of this, the defend-

Carolan v. Jefferson.

ant objected, on the ground that the plaintiff, by taking the deposition of Cline, (containing the interrogatory and answer above stated,) had thereby made him his own witness, and could not be allowed to contradict him; this objection was sustained, and the evidence rejected; to which ruling the plaintiff excepted, and assigned the same for error.

*Jones & Petty*, for the appellant.

ROBERTS, J.—The evidence of Hargrave was not a contradiction of Cline, as to what he had previously said, in a conversation with Earbee, Hall, and others. And for that reason, the evidence was not admissible. The plaintiff below is not injured by its exclusion, whatever may be said of the ground of objection made to it, upon which it was pronounced to be inadmissible. There is no error in the judgment, and therefore it will be affirmed.

Judgment affirmed.