INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. D. R. BOYKIN ET AL.

### No. 1471.   Decided October 30, 1905.

**1.—Brief—Assignment of Error—Proposition.**

An assignment of error in admitting certain testimony over defendant's objection on the ground of immateriality and irrelevancy sufficiently discloses the point made and should be considered though not followed in the brief by a proposition. (Pp. 261, 262.)

**2.—Impeachment of Witness—Predicate.**

Before impeaching a witness, who had testified to acts of plaintiff, by showing that while testifying on a former trial the witness, being asked to pick out in the court room the person she had seen so doing, selected, not plaintiff, but one of his lawyers, it was necessary that witness should be first asked about the transaction. (Pp. 26ᵔ 263.)

**3.—Impeachment of Witness—Contradictory Statement.**

Impeachment of a witness by showing contradicting statements can not be further supported by proof that she had also made false statements not contradictory, but corroborative of the evidence now given. (P. 263.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Fort Bend County.

Boykin and wife sued the railway company and had judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*J. A. Read,* for plaintiff in error.—The court should not have refused, as it did refuse, to consider appellant's fourth assignment, on the ground that the same does not disclose the point relied upon to show inadmissibility of the testimony complained of, and as therefore not meeting the requirements of Rule 30. Appellees raised no such objection to the consideration of said assignment; but, even if they had done so, the words "over defendant's objections on the ground of immateriality and irrelevancy," and which form part of the body of the assignment itself, as filed in the lower court, and as urged above, show plainly enough the

point relied upon, viz.: that the objection was good—that the testimony indicated was immaterial and irrelevant. Clarendon Land Co. v. McClelland Bros., 86 Texas, 179. Said testimony was immaterial and irrelevant, and prejudicial.

The court erred in permitting (over defendant's objection on the grounds of being hearsay, secondary evidence and not proper way of impeaching and contradicting defendant's witness, Christine Mortenson, and without predicate being laid therefor, and as immaterial) plaintiff by various witnesses to introduce testimony to the effect that on the former trial of this cause, the defendant's witness, Christine Mortenson, while on witness stand, was asked to point out plaintiff, D. B. Boykin, and pointed out another man as being said plaintiff.

The testimony indicated in said assignments was objectionable, because the effect or tendency thereof was to contradict and impeach the testimony of the witness, Christine Mortenson, upon the matter indicated in the assignment, and without predicate being laid therefor. McCamant v. Roberts, 80 Texas, 327; Texas & Pac. Ry. v. Johnson, 90 Texas, 308.

The court erred in permitting to be read in evidence, over defendant's objection, made by motion filed April 6, 1904, and also orally interposed, the answer of witness, Mrs. C. H. Brown (testifying by deposition) to the eighth cross-interrogatory, reading as follows: "(A) She (referring to defendant's witness, Christine Mortenson) stated to me that while she was on the witness stand she was asked to pick out Mr. Boykin from among several men, and that she did not pick him out." The same was objected to as being immaterial and irrelevant and hearsay and secondary evidence, and without predicate being laid therefor, and because it was not the proper way to impeach the testimony of Miss Mortenson, and no predicate being laid therefor. Said testimony was objectionable for being hearsay and secondary evidence, and no predicate being laid therefor.

The charge was erroneous, because the issue made or submitted thereby, as to the death of Mrs. Boykin from cancer, caused by the alleged injuries, was not made and justified by the evidence.

*Brockman & Kahn* and *J. V. Meek*, for defendants in error—There was no error in the action of the court in permitting the testimony complained of. This was not hearsay testimony. This was testifying to a physical demonstration in the presence of appellant on a former trial of this cause. See Mays v. Railway, 70 Texas, 608-9. "During the progress of the trial (in the case cited) the plaintiff offered in evidence the boot worn by him at the time he was injured for the purpose, as stated by counsel to the court, of exhibiting the indentions made thereon for the inspection of the jury, as tending to show the car wheel ran over the plaintiff's foot and that the brake was not applied," etc. The court says: "Physical facts are always admissible, and when the object itself can be brought into court and exhibited it is more satisfactory than a description of it by witnesses that inspected it outside the court." This was a physical act by the witness and we were entitled to prove said act; it will be borne in mind that this witness had quitted the

State of Texas, and was in the State of California, and beyond the jurisdiction of this court. See 1st Greenleaf on Evidence, 16th ed., sec. 163, etc.

The court did not err in submitting as an issue whether Mrs. Boykin died from cancer caused by the alleged injuries received by her on July 16, 1901, as claimed in appellant's ninth assignment of error, as appellant injected this issue into the case by its pleadings and its evidence. Cammack v. Rogers, 96 Texas Rep., 457; Cochran v. Siegfried, 75 S. W., 542; Campbell v. Cornelius, 23 S. W., 118.

GAINES, Chief Justice.—This suit was originally brought by defendant in error, D. B. Boykin and his wife, against the plaintiff in error, to recover damages for injuries alleged to have been inflicted upon the wife, while a passenger on a train of the defendant, through the negligence of its servants. The wife having died while the suit was pending, the plaintiff amended his petition, and made the minor children of himself and his deceased wife, parties plaintiff, alleging in addition to the averments in his original petition the death of his wife, and that her death was caused by the injuries complained of in the original petition. The plaintiffs recovered a judgment which was reversed by the Court of Civil Appeals for the First District. Upon the second trial the plaintiffs again recovered, and the judgment then rendered was affirmed by the Court of Civil Appeals for the Fourth District. To reverse the latter judgment of the Court of Civil Appeals this writ of error is sued out.

No extended statement of the case is necessary for the purposes of this opinion. The evidence was decidedly conflicting, both as to the infliction of the injuries and as to the cause of the death.

It is first complained in this court that the Court of Civil Appeals erred in refusing to consider and in not sustaining the plaintiff in error's fourth assignment of error in that court. That assignment is as follows: "The court erred in permitting to be read in evidence (over defendant's objection, on the ground of immateriality and irrelevancy) the ninth cross-interrogatory propounded by plaintiff to defendant's witness, Dr. N. Shaw, and the answer thereto, reading as follows: 'Ninth cross-interrogatory. Isn't it a fact that in the Pat Newport case, you made an affidavit after the trial and judgment for Newport, that he told you at the infirmary that he was hurt by his own negligence, or something of that sort, in aid of defendant railroad's motion for new trial; and is it not a fact, that on another occasion, you made a similar affidavit, or one to some such effect, for another railroad in another case at Houston?' 'Answer. Yes; in the Pat Newport case, but in no other case in any court.'" The Court of Civil Appeals held that 'the assignment could not be considered because it was not followed by a proposition. In this we think there was error. That part of rule 30 of "Rules for the Courts of Civil Appeals," is applicable to this matter. It reads as follows: "Each point under each assignment shall be stated as a proposition unless the assignment itself may sufficiently disclose the point, in which event it shall be sufficient to copy the assignment." We think the assignment of itself sufficiently discloses the legal proposition relied on

by the appellant, namely, that the testimony objected to was immaterial and irrelevant and therefore inadmissible. We are of the opinion that objection to the testimony was well taken and that the trial court erred. in admitting it.

The second specification of error in this court is as to the action of the court in admitting testimony as shown by the following bill of exceptions: "Over the objection of defendant (overruled by the court) on the ground of immateriality and irrelevancy, and as being secondary evidence, and as not being the proper way to impeach defendant's witness, Miss Christine Mortenson, and because no predicate was laid for such testimony, plaintiffs were permitted to introduce in evidence the testimony of J. A. Read and James Slyfield, of the persons present at the former trial of this cause, to the effect that defendant's witness, Miss Christine Mortenson, on said former trial, when called on to point out plaintiff, D. B. Boykin, who was present in court, pointed as being D. B. Boykin, another person, viz., Mr. James Slyfield, one of plaintiff's attorneys. Said witness by her deposition, introduced by defendant in this last trial, testified that at the time her deposition was taken (April 7, 1902, a few days before the former trial) she knew D. B. Boykin by sight, and knew him by sight on July 16, 1901, the date of alleged accident; that when the train in question reached Hawden, on said date, and Mrs. Boykin alighted, Mrs. Boykin went over and met her husband, D. B. Boykin, who was standing by, waiting for her, and kissed him. She also testified in her deposition that no such accident as alleged by plaintiff in this cause occurred on said day, when, according to her testimony, she and Mrs. Boykin went to Hawden in the same coach and a few feet apart, and were the only ladies who got off at Hawden. To the action of the court in overruling defendant's objection and permitting introduction of such testimony, defendant then and there excepted, and here presents its bill of exception No. 13, and asks that same be approved, ordered filed and made part of the record, which is accordingly done." To the foregoing bill is appended the following qualification: "The foregoing bill is incorrect as not being full enough, the facts being that it had been proved that on the former trial the witness, Miss Christine Mortenson, testified before the jury orally, and plaintiff introduced Mr. J. A. Read, one of defendant's attorneys, and Mr. Slyfield, who testified that after she had testified that she knew the plaintiff, D. B. Boykin, who sat at that time in the court-room and no more than six feet from her, she was called on by the plaintiff's attorneys to please pick him out, and that, instead of selecting the plaintiff, she picked out Mr. James Slyfield, and stated positively that that was D. B. Boykin, and was the man that she saw meet Mrs. Boykin on the day that she was on the train, Slyfield being dark and Boykin florid in complexion." We are unable to distinguish this case from what it would have been had counsel upon the former trial, during the cross-examination of Miss Mortenson, pointed out Mr. Slyfield and asked her if he was D. B. Boykin, and she had answered, "Yes." The effect of her action in pointing out Mr. Slyfield when requested to point out Boykin was the same as if she had answered directly that Slyfield was Boykin. In order to impeach the witness by showing that she has made

statements upon some other occasion inconsistent with her testimony given upon the trial, a predicate therefor should have been laid by asking whether or not, upon such other occasion (identifying it by time and place or circumstances), she made such statement? This not having been done upon the cross-examination of Miss Mortenson, we think the court erred in admitting the testimony to impeach her. For the same reason we think it was error to admit the testimony of Mrs. C. H. Brown, to the effect that Miss Mortenson told her that she had been requested, while on the witness stand, to "pick out Mr. Boykin," and that she did "pick him out." This testimony was objected to as hearsay, and because the proper predicate had not been laid for its admission as impeaching testimony; and we think the objection well taken. In view of another trial, we deem it proper to add that, in our opinion, the testimony was subject to another objection, which, however, was not interposed to its admission. The statement of Miss Mortenson, as testified by Mrs. Brown, was not inconsistent with her testimony, and was therefore not admissible as impeaching evidence. (Hall v. Simmons, 24 Texas, 227.)

The last assignment of error presented in this court is that the court erred in that part of its charge which, in effect, submitted to the jury the question whether Mrs. Boykin died of the cancer of the womb, and whether such cancer was caused by her injuries. The objection urged to the instruction is that there was no evidence to authorize the jury to find that injuries caused the cancer. The Court of Civil Appeals held—and, as we think, correctly—that there was evidence which made the submission of the issue proper.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*