G. W. SIMS, Appellant,

v.

Doyle DAVIS, d/b/a Davis Motor Company, Appellee.

No. 14524.

Court of Civil Appeals of Texas.

Houston.

March 18, 1965.

Ralph B. Lee, Dan Kennerly, Houston, for appellant.

Solito, Vetrano & Murr, Anthony L. Vetrano, Jr., Houston, for appellee.

WERLEIN, Justice.

G. W. Sims appeals from a summary judgment against him in favor of appellee, Doyle Davis, d/b/a Davis Motor Company.

Appellee filed suit against appellant Sims and one Jack Brewer, d/b/a Brewer's Auto Sales, herein referred to as Brewer. Appellee alleged in his unverified petition that on or about August 2, 1963 he contracted to purchase two 1963 automobiles from the defendant and that the defendant was to furnish good and sufficient manufacturer's certificates showing clear title to the automobiles; that he agreed to pay the defendant the sum of $4,700.00 and executed two demand drafts, each in the sum of $2,350.00, which were endorsed by Jack Brewer and G. W. Sims, and that the same were presented for collection and were paid to the defendants, Jack Brewer and G. W. Sims, who received the amount thereof. He further alleged that the defendants Brewer and Sims fraudulently represented to him that the automobiles were new, and that they had good and sufficient title thereto; that such rep-

resentations were false, and that the defendants knew or should have known that they were false at the time they were made; that appellee relied upon such representations which were a material inducement to him to execute the drafts in question; that in fact said automobiles had been stolen, and the manufacturer's certificates on said automobiles were forged, which defendants knew or should have known; and that defendants had refused to return and had converted to their own use the money paid them for the automobiles and there was a complete failure of consideration.

The defendant Jack Brewer merely filed a general denial. Appellant filed exceptions to appellee's pleading, and a cross-action against the appellee for actual and exemplary damages growing out of the alleged loss sustained by appellant as the result of appellee wrongfully suing out a writ of garnishment against appellant's account in the Citizens State Bank of Houston.

In his verified amended answer, appellant alleged in substance that he had a financing agreement with said Brewer whereby he would advance money to Brewer in order that Brewer could purchase automobiles for later resale. This financing agreement provided that the security for the advance of money for each automobile would be a 10% reserve and the certificate of title to each automobile which appellant would retain as evidence of a purchase until the account of the said Brewer was paid, and when Brewer consummated the subsequent resale of the automobile, and upon payment to appellant Sims by Brewer of the amount he owed, the certificate of title would then be forwarded by Sims to the new lienholder or mortgage holder. Appellant testified in his deposition that he had nothing to do with the buying or selling of the automobiles, received no commissions on sales or purchases, but a fee of $15.00 for each draft he honored in financing automobiles.

With respect to the two automobiles in question, appellant alleged that on or about July 31, 1963 he advanced $2,300.00 for the purchase by Brewer of one red 1963 Chevrolet 2-door hardtop automobile by paying a draft drawn on him by Brewer and payable to one Ramos, and that he, Sims, retained possession of the title certificate to said automobile as security for the money he advanced in honoring Brewer's draft. He also alleged that on or about the same date, he advanced $2,325.00 for the purchase price of one white 1963 Chevrolet 2-door hardtop automobile by paying a draft drawn by Brewer on him payable to E. R. Ramos, and that he retained possession of the title certificate to said automobile as security for the advance of money that he was paying out on such draft.

He further alleged that Jack Brewer paid on his account with appellant the total sum of $4,700.00 less a credit of $25.00 substantially as follows: On or about August 2, 1963, Doyle Davis drew two drafts on Southwestern Investment Company payable through the National Bank of Commerce of Houston, each in the sum of $2,350.00 payable to the order of Brewer for the purchase price of said red and white Chevrolets, which Davis had purchased from Brewer and Brewer endorsed the drafts and delivered them to Sims as payment of the purchase money advance and lien of Sims. Sims accepted the drafts as reimbursement of the money which he had advanced to Brewer when Brewer bought the cars. He endorsed and deposited the drafts with the title certificates attached thereto in his own bank, and his bank credited the same to his account therein.

Appellant also alleged that he had no knowledge concerning the two automobiles described in said certificates, had never seen them, had no knowledge that they were stolen or that the certificates of title were forged or fraudulent in any way, and further that appellee had full and complete knowledge concerning the condition,

make, model and age of said automobiles. He also alleged that he was not in any way a party to the contracts of sale between appellee and Jack Brewer, and he denied the other allegations in appellee's petition.

The court entered the summary judgment against Sims on July 27, 1964 and at the same time decreed that appellant take nothing by his cross-action and that the same be dismissed although appellant did not request a dismissal of the same nor did appellee in his motion for summary judgment pray that such cross-action be dismissed. Appellant excepted to the court's action, including the court's action in overruling appellant's exceptions to appellee's petition, some of which should have been sustained. No disposition was made with respect to Brewer until August 28, 1964 when on motion of appellee the court entered a nonsuit as to Brewer without prejudice.

The uncontroverted testimony of both appellant and appellee is that Brewer was the only individual who represented to Davis that the automobiles in question were new, and that Sims never saw the automobiles in question. Appellee testified by deposition that on August 2, 1963, the date of the alleged verbal purchase contract, Brewer and another man (not Sims) drove the two automobiles in question onto appellee's used-car lot, where Brewer represented to appellee that the cars were new and that he wanted $2,350.00 for each of them. Appellee testified that he knew the cars were not new and that the fact that they were not new did not matter too much. He purchased the two cars at the agreed price by executing a draft for each car in the sum of $2,350.00 each payable to the order of Brewer. Appellant was not present at the sale of the automobiles and never saw appellee until the depositions filed herein were taken, and never saw the automobiles in question.

Appellee, who sued out a writ of garnishment in connection with this suit, testified that he made no investigation at all with respect to what property appellant owned.

The evidence indicates that appellant was a holder in due course of the two drafts in question. Both the drafts were complete and regular upon their face, and appellant apparently took the same before they were overdue in good faith for value and without notice of any infirmity in the instruments or defect in the title of Brewer who negotiated them. Sec. 52, Article 5935, V.A.T.S. It is true that consideration for such drafts was an antecedent or pre-existing debt, being the amount that appellant had advanced to Brewer when he purchased the automobiles. However, Section 25 of Article 5933, V.A.T.S., provides that, "An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Section 55, Article 5935, V.A.T.S., provides in part that, "The title of a person who negotiates an instrument is defective within the meaning of this Act when he obtained the instrument * * * by fraud * * * or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." In Kone v. Security Finance Co., 1958, 158 Tex. 445, 313 S.W. 2d 281, the Supreme Court, in a somewhat analogous situation, held that in order to prevent Security from being a holder in due course it must appear that it had actual knowledge of the defect in the title to the checks, or knowledge of such facts that its action in taking them "amounted to bad faith." Sec. 56, Article 5935, V.A.T.S.

In the instant case the record does not disclose actual knowledge by appellant Sims of any defective title or bad faith in accepting the drafts. In Citizens Bridge Co. v. Guerra, 152 Tex. 361, 258 S.W.2d 64, our Supreme Court held that the question of bad faith was normally one of fact; that the test is good or bad faith and not diligence or negligence; that knowledge of facts merely sufficient to cause one of ordinary prudence to make inquiry, with

failure to make such inquiry, is not evidence of bad faith; that even gross negligence is, at most, only evidence of bad faith; that to constitute evidence of bad faith the facts known to the taker must be such as to form a reasonable basis for an inference that in acquiring the instrument he acted in dishonest disregard of the rights of others.

■ Appellee's cause of action was not brought on the drafts in question but for recovery of damages because of allegedly false representations that were made to him and because there was no consideration for the drafts and the certificates of title were forged. There was no privity of contract between appellant and appellee since the contract of sale was made by and between appellee and Brewer. "Privity of contract is an essential element of recovery in any cause of action based upon a contractual theory." Gehl Brothers Manufacturing Company v. Price's Producers, Inc., Tex.Civ.App., 319 S.W.2d 955, and cases cited. Furthermore, if there was any question concerning the oral contract of sale alleged by appellee, or any inferences arising from the transaction in question that could possibly involve appellant, the determination thereof would be for the jury.

■ The law is well settled that in passing upon a motion for summary judgment, all doubts as to the existence of a genuine issue of fact must be resolved against the moving party, and the opposite party is entitled to the benefit of every reasonable inference which can properly be drawn in his favor. Womack v. Allstate Insurance Company, 1957, 156 Tex. 467, 296 S.W.2d 233; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Gaines v. Hamman, Tex.Sup., 358 S.W.2d 557. Since there were issues of fact raised in the instant case, the granting of the summary judgment was unwarranted.

■ Appellant has certain other assignments of error which we shall briefly discuss. It is our view that the court improperly dismissed appellant's cross-action which raised certain fact issues growing out of the writ of garnishment sued out by appellee in connection with his principal suit against appellant. The trial court is not authorized upon its own motion to grant relief that is not prayed for. Elgin v. Banks, Tex.Civ.App., 38 S.W.2d 149; Hake v. Dilworth, Tex.Civ.App., 96 S.W. 2d 121.

■ It was error to dismiss appellant's cross-action for wrongful garnishment since the pleadings and the evidence raised material factual issues regarding plaintiff's allegation that defendant Sims had made false and fraudulent representations to the plaintiff that the cars in question were new. There were also fact issues raised in the cross-action with respect to appellee having acted maliciously and in wanton and reckless disregard of appellant's rights, and with respect to the matter of privity of contract between appellant and appellee, and as to appellee's alleged false statements in his garnishment affidavit.

■ It is our view that the court erred in considering, if it did, the affidavit of T. A. Humphries with attached "Offense Report Houston Police Department" for the reason that such affidavit was hearsay, and was not based upon the personal knowledge of the affiant, and would be inadmissible at the trial of the case on its merits. The report attached to the affidavit shows on its face that it came from the Detroit Police Department by radiogram. It fails to show that it was received in the form of a written instrument permitted or required by law to be filed or recorded by an officer or clerk of another state or subdivision thereof, or his deputy as provided in Sec. 2, Art. 3731a, V.A.T.S. The affidavit was introduced to show that the automobiles in question had been stolen. It was attached to appellee's motion for summary judgment and was evidently relied upon by the court in entering the

summary judgment as there was no other admissible proof in the record that the cars were in fact stolen. The statements by T. A. Humphries as to what others told him out of the presence of appellant Sims would be hearsay and not admissible on the motion for summary judgment. Gaines v. Hamman, Tex.Sup. 1962, 358 S.W.2d 557; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396.

Reversed and remanded.