Jerry Wayne **TRUSSELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57242.

Court of Criminal Appeals of Texas, Panel No. 2.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

George L. Thompson, III, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and Cloris Michael Ward, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was enhanced by two prior felony convictions, and was automatically assessed at imprisonment for life.

Appellant asserts that the trial court improperly refused to admit an offense report into evidence, and the trial court erred in allowing improper impeachment of an alibi witness.

Appellant was convicted for participating in the early morning armed robbery of several employees of the American Bank of Commerce in Wolfforth on August 31, 1976. None of the robbery victims could identify appellant as one of the robbers because the robbers wore ski masks. However, T. B. Brown testified that while at work at the Frenship Co-op Gin near Wolfforth on the morning of August 31, 1976, he saw four men drive up in a white Ford LTD, transfer to a maroon Pontiac and a pickup truck and leave. Brown identified appellant as one of the men who left in the pickup. The white Ford was identified by one of the robbery victims as the car which the robbers used. Two of appellant's co-defendants were ap-

prehended in the maroon car, with money from the bank in their possession. Appellant was apprehended later at his residence.

Brown had viewed a pretrial lineup consisting of appellant and six other men. Brown testified at a pretrial hearing that he identified appellant at the lineup. At trial Brown identified appellant before the jury as one of the men he had seen change vehicles near the gin. Neither party questioned Brown concerning his pretrial identification.

During the presentation of his defense appellant offered, out of the presence of the jury, an offense report made by Lubbock County Deputy Sheriff J. B. Douglas which stated in part that Brown was unable to identify anyone in the lineup. Appellant laid a predicate for the report as a business record under Art. 3737e, V.A.C.S. Appellant's offer was refused by the court, and the report was not admitted. However, the court offered to recess the trial to allow Douglas, who was in south Texas, to return and testify in appellant's behalf. Appellant declined the opportunity and called no further witnesses. The State subsequently called Brown on rebuttal and he testified that he identified appellant at the lineup. Since Douglas never testified, the record does not reveal whether the offense report was in error in stating that Brown did not identify the appellant in the lineup.

Appellant contends that the court's refusal to accept the offense report in evidence was error. This Court has held offense reports admissible as official records under Art. 3731a, V.A.C.S. See Fite v. State, 158 Tex.Cr.R. 611, 259 S.W.2d 198 (1953). Offense reports have also been admitted as official records in civil courts. City of San Antonio v. Poulos, 403 S.W.2d 168 (Tex.Civ. App.—San Antonio 1966), aff'd on other grounds, 422 S.W.2d 140 (Tex.Sup. 1967); Statler Hotel v. Herbert Rosenthal Jewelry Corp., 351 S.W.2d 579 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.). In regard to the admissibility of the offense report as a business record, we note that his Court has held that the Business Records Act, Art. 3737e, V.A.C.S., applies to criminal cases,

see e. g. Williams v. State, 549 S.W.2d 183 (Tex.Cr.App. 1977); Dalton v. State, 516 S.W.2d 937 (Tex.Cr.App. 1974), and "business" is defined broadly enough in Sec. 4 of the act to include law enforcement agencies. See Gassett v. State, 532 S.W.2d 328 (Tex.Cr.App. 1976); Coulter v. State, 494 S.W.2d 876 (Tex.Cr.App. 1973).

The report must have sufficient indicia of reliability to satisfy the Sixth Amendment right of the accused to confront witnesses against him. See Battee v. State, 543 S.W.2d 91 (Tex.Cr.App. 1976) (Opinion on State's Motion for Rehearing); Coulter v. State, supra. In this case appellant, not the State, offered the offense report in evidence, and right of confrontation concerns are not critical. Appellant questioned Chief Deputy Sheriff Albert Smith, custodian of the Lubbock County Sheriff's Department records, and laid a proper predicate for the admission of the offense report as a business record.

■ The offense report was admissible as a business record, pursuant to Art. 3737e, supra. However, we note that if appellant offered only a part of the report in evidence, the State would have been free to offer the related portions of the report under the rule of completeness. Art. 38.24, V.A.C.C.P.; see Cerda v. State, 557 S.W.2d 954 (Tex.Cr.App. 1977); Bermudez v. State, 504 S.W.2d 868 (Tex.Cr.App. 1974); Willeford v. State, 489 S.W.2d 292 (Tex.Cr.App. 1973).

■ Though it is clear from the record that appellant offered the offense report as a business record, it is not clear whether appellant offered the report to impeach Brown's in-court identification of appellant, or offered it as original evidence tending to prove appellant's innocence of the offense charged. If offered to impeach Brown's identification, evidence that Brown had earlier failed to pick appellant out of a lineup would in effect constitute evidence of a prior inconsistent statement by Brown. See International & G. N. R. Co. v. Boykin, 99 Tex. 259, 89 S.W. 639 (1905). Appellant did not lay a proper foundation for impeaching Brown with the prior inconsist-

ent statement by cross-examining Brown concerning the time, place, and circumstances of the pretrial identification, to allow Brown the opportunity to deny the prior inconsistent statement or explain the circumstances of its making. This foundation must be laid before a prior inconsistent statement may be used to impeach a witness. See *Ellingsworth v. State*, 487 S.W.2d 108 (Tex.Cr.App. 1972); *Huffman v. State*, 479 S.W.2d 62 (Tex.Cr.App. 1972).

If not offered to impeach Brown, but as original evidence tending to exculpate appellant, the offered evidence was hearsay within hearsay. Brown's failure to pick out appellant from the lineup constituted, in effect, an out-of-court statement by Brown that appellant was not one of the men he saw transfer from the robbery vehicle to the pickup near the Frenship Co-op Gin on the morning of the offense, and that statement was being offered for its truth. This was hearsay within the report itself, and was inadmissible. See *Texas Dept. of Public Safety v. Nesmith*, 559 S.W.2d 443 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Sims v. Davis*, 388 S.W.2d 752 (Tex. Civ.App.—Houston 1965, no writ).

Summarizing, although the offense report in question was admissible as a business record and could not be excluded on that ground alone, the portion of the report offered by appellant was not admissible to impeach Brown because appellant laid no foundation for its admission, and was not admissible other than to impeach Brown because it constituted inadmissible hearsay. See *International & G. N. R. Co. v. Boykin*, supra; 62 Tex.Jur.2d, Witnesses, Sec. 306, pp. 306–307, and the cases there cited in footnote 1, p. 307. The trial court did not err in excluding the offered evidence.

Appellant contends that the prosecutor committed reversible error when he impeached appellant's alibi witness by showing that the witness was confined in jail at the time of trial. During his cross-examination of appellant's wife the prosecutor asked her where she resided; she replied, "the Lubbock County Jail." It is proper to question a witness as to his place of residence and occupation, in order to identify the witness and place before the jury facts which enable them to assess the witness' credibility. 62 Tex.Jur.2d, Witnesses, Sec. 142, p. 12; *Elam v. State*, 518 S.W.2d 367 (Tex.Cr.App. 1975); *Galveston, H. & S. A. Railway Co. v. Henry*, 252 S.W. 210 (Tex.Civ.App.—Galveston 1923). The trial court sustained appellant's objection when the prosecutor went on to ask *why* Mrs. Trussell was in jail. No error is shown.

The judgment is affirmed.