PD-1461-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/14/2015 12:00:00 AM
Accepted 12/15/2015 1:31:53 PM
ABEL ACOSTA
CLERK

CAUSE NO. PD-1461-15

IN THE COURT OF CRIMINAL APPEALS
FOR THE
STATE OF TEXAS

JACOB WESLEY FAUDI, APPELLANT

V.

STATE OF TEXAS, APPELLEE

—————

PETITION FOR DISCRETIONARY REVIEW
FROM THE 19TH JUDICIAL DISTRICT COURT
MCLENNAN COUNTY, TEXAS
TRIAL COURT CASE NUMBER 2011-2270-C1
HON. RALPH STROTHER, JUDGE PRESIDING

AND IN THE SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
APPELLATE CAUSE NUMBER 07-13-00351-CR

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

December 15, 2015

ABEL ACOSTA, CLERK

DENTON B. LESSMAN
TX BAR NO. 24042474
100 N. 6TH STREET, STE. 702
WACO, TX, 76701
TELEPHONE: (254) 776-4544
FACSIMILE: (254) 776-4551
EMAIL DLESSMANATTY@AOL.COM
ATTORNEY FOR APPELLANT

ORAL ARGUMENT IS DEFERRED TO THE COURT

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| JACOB WESLEY FAUDI | APPELLANT |
| STATE OF TEXAS | APPELLEE |
| DENTON B. LESSMAN<br>100 N. 6TH STREET, STE. 702<br>WACO, TEXAS 76701 | APPELLATE ATTORNEY FOR APPELLANT |
| LYLE GRIPP<br>100 N. 6TH STREET, STE. 703<br>WACO, TEXAS 76701 | TRIAL ATTORNEY FOR APPELLANT |
| ABELINO "ABEL REYNA<br>501 WASHINGTON AVE.<br>WACO, TEXAS 76701 | TRIAL & APPLELLATE ATTORNEY FOR APPELLEE / CRIMINAL DISTRICT ATTORNEY FOR MCLENNAN COUNTY, TEXAS |

## TABLE OF CONTENTS

**Contents**

IDENTITY OF PARTIES AND COUNSEL ...............................................2

TABLE OF CONTENTS ................................................................2

STATEMENT REGARDING ORAL ARGUMENT ..........................................3

STATEMENT OF THE CASE ...........................................................3

STATEMENT OF PROCEDURAL HISTORY .............................................4

REASONS FOR GRANTING REVIEW ...................................................4

ARGUMENT ..........................................................................4

PRAYER ..................................................................................................5

CERTICATE OF SERVICE ........................................................................6

CERTIFICATE OF COMPLIANCE ............................................................6

## STATEMENT REGARDING ORAL ARGUMENT

The Petitioner, Jacob Wesley Faudi, requests to present oral argument on this case if the Court determines it to be beneficial in its consideration.

## STATEMENT OF THE CASE

Faudi was convicted in the Honorable 19th District Court of McLennan County, Texas of the Indecency with a Child by Contact Counts I & II and Indecency with a Child by Exposure Counts III & IV and sentenced to incarceration in TDCJ for a period of 20 years on Count I, 10 years on Count II, concurrently, and 10 years on Count III to be served consecutively to Counts I & II. (C.R. Vol. I 87-89; 108-117).

Faudi properly appealed the final conviction to the Seventh Court of Appeals[1] wherein Faudi raised one issue asserting that The District Court erred by excluding evidence essential to his defense, namely CPS records providing evidentiary support of his primary defensive theory that the child was never alone with him.

_____

[1] The case was transferred from the Tenth Court of Appeals to the Seventh Court via order of the Texas Supreme Court.

The Court of Appeals affirmed the conviction.

## STATEMENT OF PROCEDURAL HISTORY

The Seventh Court of Appeals opinion affirming the case was issued on October 8, 2015. No motion for rehearing was filed.

## QUESTION PRESENTED FOR REVIEW

The Seventh Court of Appeals incorrectly analyzed Faudi's offer of proof in the Trial Court thus establishing a deviant standard by which future cases are to be governed.

## REASONS FOR GRANTING REVIEW

Faudi asserts that the reason for granting review is that the Tenth Court of Appeals has:

1) determined an important question of law in a way that conflicts with this court and other court of appeals' decision on the same issue, Tex. R. App. Proc. Rule 66.3(a) & (c); and,

2) so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Tex. R. App. Pro. Rule 66.3(f).

## ARGUMENT

Faudi asserts that the Court of Appeals' incorrect analysis is evidenced by the following statement.

4

We next note appellant offered the entire thirteen-page DFPS report into evidence without explaining the specific purposes for which it was offered. *While appellant asserts on appeal he needed the report in part for impeachment purposes, he did not voice that purpose to the trial court during discussion of its admissibility.* The trial court thus did not abuse its discretion by denying admission of the report for its impeachment value. Opinion at page 4.

However, a review of the record (Bill of Proof) clearly shows that the purpose of the introduction of the evidence was to impeach the prior testimony of the alleged child victim. The State even stated "well I don't think that contradicts her statement." (R.R. vol. 6, p. 123). The Court of Appeals erred in its relevancy analysis.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Faudi prays that this Honorable Court will grant this petition.

Respectfully Submitted,

Law Office of Denton B. Lessman
100 N. 6th Street, Ste. 702
Waco, Texas 76701
Tel: (254) 776-4544
Fax: (254) 776-4551

By: _____
Denton B. Lessman
TX Bar No. 24042474
Attorney for Appellant

## CERTICATE OF SERVICE

I hereby certify that a copy of this Petition for Discretionary Review was served on the State Prosecuting Attorney and the Criminal District Attorney of McLennan County via facsimile on December 14, 2015.

_____
Denton B. Lessman

## CERTIFICATE OF COMPLIANCE

I hereby certify in accordance with Rule 9.4(i)(3) that this entire document, including those excludable under Rule 9.4(i)(1), has a total of 713 words and that this documents was produced using Microsoft Word 2013.

_____
Denton B. Lessman

## APPENDIX



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00351-CR

JACOB WESLEY FAUDI, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2011-2270-C1, Honorable Ralph T. Strother, Presiding

October 8, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jacob Wesley Faudi appeals from his convictions by jury of one count of indecency with a child by contact[1] and two counts of indecency with a child by exposure,[2] and the resulting sentences of twenty, and ten, years of imprisonment,

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2014).

[2] TEX. PENAL CODE ANN. § 21.11(a)(2) (West 2014).

respectively.[3]  Through one issue, appellant contends the trial court erred by excluding an exhibit he offered at trial.  We will affirm.

## Background

Appellant does not challenge the sufficiency of the evidence to support his convictions, so we will set forth only those facts necessary to his appellate issue.

Via indictment, appellant was charged with four counts of indecency with a child, by contact and by exposure. During trial, the State abandoned one of the counts alleging indecency by contact.  The six-year-old victim testified.  The State also offered the testimony of an investigating police officer, the victim's mother, and a forensic interviewer.  The interviewer's report also was admitted into evidence.

Appellant also testified, adamantly denying he committed any of the acts alleged. He acknowledged he had known the victim's father for "a long time" and had known the victim from the time she was a toddler.  He also admitted he believed someone sexually abused the victim but denied he was the person who did so.  During his case-in-chief, appellant sought admission of a thirteen-page investigative report created by the Texas Department of Family and Protective Services ("DFPS report").  The State objected on several grounds, including relevancy and hearsay.  Appellant argued that the report was the "crux" of his case because it contained a statement that "[the victim] stated that she

_____

[3] The sentences for indecency by contact and one count of indecency by exposure are to be served concurrently.  The ten-year sentence for the additional count of indecency by exposure is to begin when the concurrent sentences cease to operate.

2

has never been left in the care of Jacob Faudi."[4]  Appellant contended the statement shows he was never alone with the victim, so it was not possible he engaged in the sexual conduct of which he was accused.

After hearing argument from both counsel and the State, the court denied admission of the document. The trial continued, after which the jury found appellant guilty of one count of indecency with a child by contact and two counts of indecency with a child by exposure and assessed punishment for each.  This appeal followed.

## Analysis

On appeal, as he did at trial, appellant argues the DFPS report was properly admissible as a public record under Rule of Evidence 803(8). *See* TEX. R. EVID. 803(8).[5] He contends on appeal that the exclusion of the DFPS report denied him the opportunity to present his case because his defensive theory was dependent on

---

[4] This statement appears in the witness summary of the Department investigator's face-to-face interview with the victim.  The report states the victim "indicated that [she] does not have any contact with the person that hurt her when she [is] at her mom's or dad's house.  She stated that she has never been left in the care of [appellant].  She stated that he was just staying the weekend with her dad because her dad is married to [appellant's] sister."

[5] Rule 803(8) reads as follows:

Public Records.  --A record or statement of a public office if:

(A)  it sets out:

  (i)  the office's activities;
  (ii)  a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law enforcement personnel; or
  (iii)  in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

(B)  the opponent fails to demonstrate that the source of information or other circumstances indicate a lack of trustworthiness.

3

information contained within it. Without it, he argues, he was "denied his opportunity to examine [the investigator who created the report], to use the statements contained therein to impeach multiple witnesses, and to present the information, observations, and factual findings therein to the jury."

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State,* 327 S.W.3d 727, 736 (Tex. Crim. App. 2010) (*citing Green v. State,* 934 S.W.2d 92, 104 (Tex. Crim. App. 1996)). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Martinez,* 327 S.W.3d at 736. We uphold the trial court's ruling if it was correct on any theory reasonably supported by the evidence and applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). After review of the record, we conclude the trial court did not abuse its discretion by excluding the report.

We first reiterate that appellant testified at trial and denied the allegations against him. Several other witnesses also testified on his behalf. While the statement in the DFPS report might be seen as supportive of his denial he committed the offenses, we do not agree the record shows the statement was the "crux" of appellant's case at trial.

We next note appellant offered the entire thirteen-page DFPS report into evidence without explaining the specific purposes for which it was offered. While appellant asserts on appeal he needed the report in part for impeachment purposes, he did not voice that purpose to the trial court during discussion of its admissibility. The trial court thus did not abuse its discretion by denying admission of the report for its impeachment value. *See Ramirez v. State,* No. 14-06-00538-CR, 2007 Tex. App. LEXIS

4

5825, at *23-24 (Tex. App.—Houston [14th Dist.] July 26, 2007, pet. ref'd) (mem. op. not designated for publication) (similar analysis).

Finally, the report included portions that the trial court could have determined to be inadmissible.[6] As other courts have held in similar circumstances, the trial court was not obligated to sift through the entire report to separate the admissible evidence from the inadmissible. *See August v. State*, No. 02-04-00484-CR, 2006 Tex. App. LEXIS 3829, at *10 (Tex. App.—Fort Worth May 4, 2006, pet. ref'd) (mem. op., not designated for publication) (*citing Sauceda v. State,* 129 S.W.3d 116, 124 (Tex. Crim. App. 2004)). That is the obligation of the party offering the evidence. *August,* 2006 Tex. App. LEXIS at *10. Because appellant did not limit his offer to admissible portions of the report, the trial court did not err by excluding the entire report. *Id.; see Weiss v. State,* No. 02-07-00390-CR, 2009 Tex. App. LEXIS 9453, at *26 (Tex. App.—Fort Worth Dec. 10, 2009), *reh'g denied,* No. 02-07-00390-CR, 2010 Tex. App. LEXIS 410 (Tex. App.—Fort Worth Jan. 14, 2010) (trial court did not err in excluding police report when appellant offered the report in its entirety and report contained statements that would have been subject to exclusion).

---

[6] *See Crane v. State*, 786 S.W.2d 338, 354 (Tex. Crim. App. 1990) (holding that even if the tape itself were admissible under a hearsay exception, any statements made in that recording were subject to the hearsay rule); *Trussell v. State*, 585 S.W.2d 736, 739 (Tex. Crim. App. 1979) (finding that if the report were offered for its truth, and not just for impeachment purposes, then statements contained in the report were hearsay and inadmissible).

Conclusion

We resolve appellant's issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.